### State of Vermont v. Howard Lamelle

[340 A.2d 49]

No. 43-74

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed June 3, 1975

*Robert W. Gagnon, Esq.,* Washington County State's Attorney, Montpelier, for the State.

*Brock & Sidel,* Montpelier, for Defendant.

**Keyser, J.** This is an appeal by defendant from his conviction after jury trial on the charge that on July 20, 1973, he operated an automobile on the public highway known as the Cobble Hill Road in East Barre "with a blood alcohol level of .15." Two lines below the charge the words "T23 Sec 1201" appear.

The issue raised by appellant is whether a judgment of acquittal must be entered on the information in this case.

The pertinent part of 23 V.S.A. § 1201(a)(1), the statute on which the information is based, prohibits the operation, or attempt to operate, any vehicle on a highway while "there is .10 per cent or more by weight of alcohol in his blood, as shown by chemical analysis of his breath or blood."

The defendant complains in his brief that the "information does not appear to be a sufficient factual allegation for a truly factual information." Specifically, he says the automobile was not identified, the time of day is not stated and designation of the highway as Cobble Hill Road was improper.

██    The claimed deficiencies extend only to form and the detail in which the offense was charged. Such deficiencies are waived unless challenged by appropriate motion in the preliminary stages of the proceedings. *State* v. *Provencher,* 128 Vt. 586, 589, 270 A.2d 147 (1970). The record does not show that the defendant took any affirmative action below to challenge the claimed deficiencies in the information.

At the close of the State's case, defendant moved for a directed verdict of acquittal on the ground that the State had failed to prove that defendant's blood alcohol level was .15% as

charged. The court denied defendant's motion as well as a motion by the State to amend the information to read "with greater than .10% blood alcohol content."

The main thrust of defendant's appeal is that there was a variance between the information and the proof adduced at trial as to the blood alcohol level.

The chemical analysis of defendant's breath sample is shown by the evidence to be .149% while the information states it to be a blood alcohol level of .15%. The State's expert testified that a test is reported to be two decimal places as the statute only states two decimal places. He also said that it is common procedure if a test is seven or more over the two decimal places, it is rounded off, otherwise it is rounded down. Here, the test of .149% was rounded off at .15%, the differential, or variance, being a plus of .001%.

The information was inartistically drawn but this is not to say that the conviction based on it will not withstand defendant's challenge. The information was sufficient to inform the accused of the place, the nature and the cause of the accusation against him. The facts alleged are entirely adequate to direct him to the particular statute cited in the information as "T23 Sec. 1201", upon which the charge was laid, without any impairment of his defense. *State* v. *Baril*, 127 Vt. 394, 398, 250 A.2d 732 (1968).

The gravamen of the offense charged was that defendant operated a vehicle on the public highway while there was .10 per cent or more by weight of alcohol in defendant's blood, as shown by chemical analysis of his breath.

The fact that the information charged .15% blood alcohol level did not alter the nature of the offense. It was clearly indicated in the information that the statute was allegedly violated by having a blood alcohol content of over .10%. The citation of the statute in the information made it clear and specific to the defendant and gave him and his attorney fair and definite notice of the offense charged. Thus, defendant knew and must have understood the exact offense that he was to answer and to intelligently prepare his defense, which in this instance was to establish a test of less than .10%.

The record does not indicate that the defendant was misled to his prejudice by the information or that the substantial

rights of the defendant were prejudiced by the variance of .001% between the charge and proof of the blood alcohol level. But, if the actual test established a level of less than .10% and a rounding-off would result to elevate it to the minimum, or more, of the level prohibited by the statute, this would indeed be prejudicial to the accused.

The rule now generally established is that to make fatal a variance between allegations in an indictment or information and the proof, it must be material and prejudicial. 41 Am.Jur.2d *Indictments and Informations* § 260. Here, the allegations in the information and the proof substantially correspond. The variance was so minimal that it had no substantial or prejudicial effect and was immaterial. The evidence supported the conviction of a violation of the statute since the chemical analysis established a content of considerably more than .10% weight of alcohol in defendant's blood.

We do not find that the proceedings below constituted prejudicial error.

*Judgment affirmed.*