**Richard A. CHILCUTT, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 25A03–8811–CR–363.

Court of Appeals of Indiana, Third District.

Oct. 16, 1989.

Patrick J. Roberts, Roberts & Associates, Peru, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Richard A. Chilcutt appeals his trial court conviction for operating a vehicle with a .10%, or more, blood alcohol level. IND.CODE § 9–11–2–1 (1988 Ed.). Defendant's conviction was enhanced to a Class D felony under IND.CODE § 9–11–2–3 (1988 Ed.).

The facts relevant to this appeal disclose that on July 7, 1987, EMTs and Officer Jolley were dispatched to the scene of an accident. They observed an overturned pickup truck lying in a field. The defendant was lying beside the truck. Defendant allowed the EMTs to examine him but refused to go to the hospital. Jolley and the EMTs noticed an odor of alcohol about the defendant. When defendant fell down, he was placed in the ambulance. However, he again refused treatment and left the ambulance. Upon falling down again, Officer Jolley handcuffed him and told the EMTs to take defendant to the hospital. A blood test was taken at the hospital and revealed a blood alcohol content of .17%.

Appellant presents the following issues for review:

(1) whether the presumption in IND. CODE § 9–11–4–15(b) (1988 Ed.) that a subsequent blood alcohol content existed at the time of an alleged offense is constitutional;

(2) whether the provisions of IND.CODE § 9–11–2–1 (1988 Ed.) are applicable to operating a vehicle on private property with a blood alcohol content of .10% or more; and

(3) whether there was sufficient evidence to support defendant's conviction of operating a motor vehicle with a blood alcohol content of .10% or more.

## ISSUE I

■ When reviewing a statute's constitutionality, this Court will uphold a statute as constitutional if it can possibly be done without doing violence to the constitution, and every reasonable presumption must be indulged in favor of the legality of the statute. *Grogan v. State* (1985), Ind.App., 482 N.E.2d 300, 303. If the language of a statute supports a construction that is constitutional, then that construction must be adopted since statutes are presumed to be constitutional. *Grogan,* 482 N.E.2d at 303.

The challenged statute, IND.CODE § 9–11–4–15 reads as follows:

"(a) At any proceeding concerning an offense under IC 9–11–2, evidence of the amount by weight of alcohol that was in the blood of the person charged with the offense:

(1) at the time of the alleged violation; or

(2) within the period of time allowed for testing under section 2 of this chapter;

as shown by an analysis of the person's breath, blood, urine, or other bodily substance, is admissible.

(b) If, in a prosecution for an offense under IC 9–11–2, evidence establishes that:

(1) a chemical test was performed on a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and

(2) the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the test sample was taken;

*the trier of fact shall presume that the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the person operated the vehicle. However, this presumption is rebuttable."*

Defendant contends that this statute has unconstitutionally shifted the burden of proof away from the State, effectively requiring him to prove his innocence. He argues that the State was relieved of proving that he had a blood alcohol content of .10% at the time of the offense and that he had the burden of proving his blood alcohol content was less than .10% when he was operating the vehicle.

"The fourteenth amendment requires the state to prove every fact necessary to constitute the crime beyond a reasonable doubt. *In re Winship* (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. 'It has long been the fundamental law in Indiana that the burden of proof in a trial never shifts to the defendant. The state must establish beyond a reasonable doubt all necessary elements of the crime.' *Smith v. State* (1969), 252 Ind.

425, 438, 249 N.E.2d 493, 500; *see also,* *Dillon v. State* (1971), 257 Ind. 412, 275 N.E.2d 312; *Thompson v. State* (1980), Ind.App., 400 N.E.2d 1151."

*Grogan, supra,* 482 N.E.2d at 303.

However, the State did prove each element of the offense beyond a reasonable doubt. The defendant admitted operating the vehicle and the State proved that a proper and reliable blood alcohol test was given to him. The test results, showing that defendant had a .17% blood alcohol content, were entered into evidence. In addition, the State also had the following testimony of Officer Jolley:

"[State Deputy Prosecutor Mr. Tuley–Welch:]

Q  Officer, you were saying, what did the Defendant say when you asked him that question?

[Officer Jolley:]

A  He stated that he had not had anything to drink since the accident."

In 22A C.J.S. Criminal Law § 579, pp. 331–332, it is stated:

"The legislature may enact laws declaring that, on proof of one fact, another fact may be inferred or presumed, and such enactments are constitutional, provided no constitutional right of accused is destroyed thereby, the presumption is subject to rebuttal, and there is some rational connection between the fact proved and the ultimate fact presumed." [Footnotes omitted.]

22A C.J.S. Criminal Law § 579.

There is a rational connection in IND. CODE § 9–11–4–15 between the fact proved and the ultimate fact presumed. The fact proved is the person had a blood alcohol content of at least .10% at the time the test sample was taken, which was within the specified period of time. This leads to the ultimate fact presumed that within this time period when the defendant had been operating his vehicle he had at least a blood alcohol content of .10%.

Presumptions in criminal statutes are not considered conclusive and do not affect the burden of proof, but shift the burden of going forward with evidence to the defendant. 22A C.J.S. Criminal Law § 579 (1988 Supp.). The State remains responsible for proving the necessary elements of the offense beyond a reasonable doubt. The defendant's constitutional rights have not been destroyed. The presumption is rebuttable and the defendant may produce evidence to overcome the presumption.

Appellant argues that he is having to prove his innocence by producing evidence of post-accident consumption of alcohol. While the State must establish all the elements of the crime, it does not have the burden of negating all affirmative defenses which excuse or exempt the defendant. *Grogan, supra,* 482 N.E.2d at 303.

"Our courts consistently have held that it is permissible to place the burden on the defendant to establish facts which would mitigate his culpability for a crime."

482 N.E.2d at 303.

Post-accident consumption of alcohol is regarded as an affirmative defense. *Dutcher v. Comm'r of Public Safety* (1987), Minn.App., 406 N.W.2d 333, 336. The *Dutcher* court held that the burden of establishing this defense should fall upon defendant, because defendant is in the best position to know how much alcohol, if any, was consumed after the accident. Thus, defendant had the burden of establishing this defense and none of his constitutional rights were destroyed thereby.

## ISSUE II

■  Appellant argues that an offense under IND.CODE § 9–11–2–1 cannot be committed if the person is operating a vehicle solely on private property in a rural area.

The relevant section of IND.CODE § 9–11–2–1 provides:

"(a) A person who operates a vehicle with ten-hundredths percent (0.10%), or more, by weight of alcohol in his blood commits a Class C misdemeanor."

In *State v. Carter* (1981), Ind.App., 424 N.E.2d 158, the court ruled that the statute prohibiting operating a vehicle while intoxicated applied to not only operation of a vehicle while intoxicated upon a public highway, but also prohibits operation of a

vehicle while intoxicated on private property.

Likewise, the statute prohibiting operating a vehicle with a blood alcohol content of at least .10% applies not only to operation of a vehicle with this blood alcohol level on public property, but on private property as well. The reasoning is simply that a person with this blood alcohol level of .10% or more should not be operating a vehicle because he presents a danger to himself as well as others.

Appellant contends that the public was not invited on this property and thus, there was no possible endangerment to third parties. However, in addition to the danger the defendant presented to himself, the facts reveal that there were third parties who were permitted on this property, an example being the owners of the property, who could have been endangered by defendant's operation of the vehicle with a blood alcohol content of at least .10%. The State has a strong interest in protecting the health and safety of its citizens from intoxicated drivers, and thus the statute should apply in this instance.

### ISSUE III

It is well settled that a court reviewing the sufficiency of the evidence will neither weigh evidence nor judge the credibility of witnesses and will look only to the evidence most favorable to the State to determine whether the crime was proven beyond a reasonable doubt. *Young v. State* (1986), Ind., 493 N.E.2d 455.

In Issue I, it was determined that the State had satisfied its constitutional duty of proving each element of the crime beyond a reasonable doubt. The evidence was examined in that issue and it is sufficient to support the conviction.

As to whether defendant rebutted the presumption by offering witness testimony that he had consumed alcohol after the accident, the trial judge heard the testimony and made a decision as to the credibility of the witnesses. The State provided the testimony of Officer Jolley as to defendant's statement that he had not consumed any alcohol after the accident and testimony that no bottles or other alcoholic containers for alcoholic beverages were found in the area of the accident. There was sufficient probative evidence to support the verdict.

Affirmed.

RATLIFF, C.J., and STATON, J., concur.