Melvin HALL, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee.

No. 49A02–8812–CR–00456.

Court of Appeals of Indiana,
Second District.

Oct. 11, 1990.

David R. Hennessy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

SULLIVAN, Judge.

Melvin Hall (Hall) appeals his conviction for operating a motor vehicle with .10% or more by weight of alcohol in his blood, a class C misdemeanor under I.C. 9–11–2–1.

We reverse.

Hall challenges this conviction on four bases which we restate as follows:

(1) Whether it was error to give the State's instruction regarding the effect of testing over .10%?

(2) Whether it was error to limit the direct examination of defendant's expert?

(3) Whether the evidence was sufficient to support the verdict?

(4) Whether the trial court erred in inducing further jury deliberations after the jury indicated it was unable to reach a unanimous verdict?

In light of our resolution of Issue (1) we need not discuss the other issues presented.

I.

Hall was stopped by a police officer at approximately 1:30 A.M. on February 6,

1988, after being observed driving erratically. The arresting officer noticed a strong smell of alcohol emanating from Hall's vehicle and the presence of beer cans. Hall's speech was slurred. He stumbled and performed poorly during a field sobriety test.

Hall had started drinking at approximately 8:45 P.M. or 9:00 P.M. and continued until approximately 1:00 A.M. Over the course of the evening he had three beers and two scotch drinks. A BAC test conducted at 1:55 A.M. revealed a BAC of exactly .10%.

At trial the jury was instructed, over Hall's objection, that:

"(b) If, in a prosecution for an offense under I.C. 9–11–2, evidence establishes that:

(1) a chemical test was performed on a test sample taken from the person charged with the offense within the period of time allowed for testing under Section 2 [I.C. 9–11–4–2] of this chapter [3 hours]; and

(2) the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the test sample was taken; the trier of fact shall presume that the person charged had at least ten hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the person operated the vehicle. However, this presumption is rebuttable." Record at 33.

Hall contends that this instruction is unconstitutional because it creates a mandatory presumption and because it impermissibly shifted to him the burden of proof upon an element of the crime, his BAC at the time of the offense.

■ The instruction given parallels I.C. 9–11–4–15(b) (Burns Code Cum.Supp.1990). A challenge to the statute on the very grounds raised here was addressed by the Third District in *Chilcutt v. State* (1989) 3d Dist. Ind.App., 544 N.E.2d 856, *trans. pending*. The Third District held that the statute does not create a conclusive presumption, nor does it impermissibly shift the burden of proof to the defendant. Citing with approval 22A C.J.S. Criminal Law § 579, pp. 331–332, the court stated:

"The legislature may enact laws declaring that, on proof of one fact, another fact may be inferred or presumed, and such enactments are constitutional, provided no constitutional right of accused is destroyed thereby, the presumption is subject to rebuttal, and there is some rational connection between the fact proved and the ultimate fact presumed." *Chilcutt, supra,* 544 N.E.2d at 858.

The Third District determined that there was a rational connection in the statute between the fact proved and the ultimate fact presumed: "The fact proved is the person had a blood alcohol content of at least .10 percent at the time the test sample was taken, which was within the specified period of time. This leads to the ultimate fact presumed that within this time period when the defendant had been operating his vehicle he had at least a blood alcohol content of .10 percent." *Id.*[1]

The court further noted that presumptions in criminal statutes are never considered conclusive and do not affect burden of proof, although they may impose

---

1. The conclusion of rational connection is unaccompanied by any discussion or analysis. We are unable, therefore, to discern the basis for such conclusion. In this regard we note that Hall's attack here includes a contention that the instruction is not based upon a valid premise. He cites the rule that in order for a presumption to be valid in a criminal case, the fact presumed must be more likely than not to flow from the fact upon which the presumption is based. *Walker v. State* (1984) 3d Dist. Ind.App., 467 N.E.2d 1248, 1251. Criticism has been levied at use of the "rational connection—more likely than not" test in a criminal setting. It equates the test to the preponderance test in civil cases and opines that it is inconsistent with the requirement that a criminal defendant's guilt be proved beyond a reasonable doubt. Holland and Chamberlain, Statutory Criminal Presumptions (1973) 7 Valpo. L.R. 147, 164 *et seq.* In *County Court of Ulster County v. Allen* (1979) 442 U.S. 140, 99 S.Ct. 2213, 2229, 60 L.Ed.2d 777, however, the United States Supreme Court by a 5–4 majority drew a distinction between permissive presumptions and mandatory presumptions with regard to the "more likely than not" standard as opposed to the "reasonable doubt" test.

a burden of going forward with evidence in order to rebut the presumption. *Chilcutt, supra.* The State remains responsible for proving the necessary element of the offense, blood alcohol content at the time of operation, beyond a reasonable doubt. For that reason, the Third District concluded that defendant's constitutional rights were not prejudiced by the statute. *Id.*

The fact that in order to rebut the presumption defendant must introduce evidence, for example, as in *Chilcutt,* that he consumed alcohol between the time of operating a motor vehicle and testing, or that he had a lower BAC at the time of operation than at testing does not relieve the State from its burden to prove BAC at the time of operating a motor vehicle. *See Chilcutt, supra.*

In *Smith v. State* (1986) 2d Dist. Ind. App., 502 N.E.2d 122, *trans. denied,* we stated:

> "we are troubled by the fact that the evidence necessary for proper extrapolation [of BAC at time of operation from BAC at time of testing] will in many cases be solely in the hands of the defendant." 502 N.E.2d at 127, n. 5.[2]

Shortly after the *Smith* case, the legislature added subsection (b) to I.C. 9–11–4–15. In conjunction with the ability of the legislature, noted earlier, to enact laws declaring that on proof of one fact, another may be presumed:

> "Our courts consistently have held that it is permissible to place the burden on the defendant to establish facts which would mitigate his culpability for a crime." *Chilcutt, supra,* 544 N.E.2d 856, 858, quoting *Grogan v. State* (1985) 1st Dist. Ind.App., 482 N.E.2d 300, 303 (overruled on other grounds).

We agree with our Third District that the language contained in the instruction does not create a conclusive presumption nor shift the burden of proof to defendant.

This is not to say, however, that the mandatory language of the statute and instruction compels the trier of fact to accept the presumption when the defendant falls somewhat short of rebutting it. The statute and instruction do not create and implement a conclusive presumption. They do however appear to contemplate a mandatory presumption.

■ The instruction does not advise that the presumption is permissive in the sense that the jury may accept or reject it and is not compelled to find the presumed fact even if the defendant does not come forward with evidence to rebut the presumption. To the contrary, the instruction tracks the statute. The statute appears to create a mandatory presumption and states that the jury "shall presume" unless the presumption has been rebutted.

*Chilcutt v. State, supra,* 544 N.E.2d 856, held that the statute does not excuse the State from proving each and every element of the offense beyond a reasonable doubt and that it does not shift the burden of proof as to any such element to the defendant.[3] In light of this holding we are constrained to state that notwithstanding the phrase "shall presume," the statute does not create a mandatory presumption. We hold therefore that even in a case in which the defendant does not rebut or attempt to rebut the presumption, the trier of fact is not compelled to find the presumed fact of blood alcohol content at the time of vehicle operation from the proved fact of blood alcohol content at the time of later testing. The jury is free to accept the presumption or not, just as it is free to do with other evidence. *See Jacks v. State* (1979) 271 Ind. 611, 394 N.E.2d 166, 175; *McKinney v. State* (1990) 3d Dist. Ind.App., 553 N.E.2d 860, *trans. denied;* Holland and Chamberlain, Statutory Criminal Presump-

---

2. The practical evidentiary convenience of creating a presumption to replace a requirement that the State submit evidence solely in the hands of defendant is not justification for the presumption. The inference which underlies the presumption must in any event be permissible and meet the rational connection test.

*Leary v. U.S.* (1969) 395 U.S. 6, 89 S.Ct. 1532, 1547, 23 L.Ed.2d 57.

3. *Keyes v. State* (1990) Ind.App., 559 N.E.2d 1216 followed the holding of *Chilcutt* in this regard.

tions (1973) 7 Valpo.L.R. 147, 153.[4]

Accordingly, the instruction although faithfully tracking the language of the statute, was subject to a mandatory interpretation which could have misled the jury with regard to its duty and prerogatives.

In its brief the State acknowledges that the United States Supreme Court has repudiated mandatory presumptions and mandatory rebuttable presumptions. *Francis v. Franklin* (1984) 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344. It also recognizes that the words "shall be presumed" have been held in other jurisdictions to create only a permissive presumption. *Barnes v. People* (1987) Colo., 735 P.2d 869; *Commonwealth v. Moreira* (1982) 385 Mass. 792, 434 N.E.2d 196.

We now hold likewise. Furthermore, we hold that an instruction which embraces the statute must clearly advise the jury that the presumption is only permissive. The instruction given in this case did not do so.

Accordingly, we reverse the judgment and remand for a new trial.

SHIELDS, P.J., and CONOVER, J., concur.

---

**4.** A presumption is not evidence. It is a legal fiction which substitutes for evidence of the fact. Like a permissible inference, when uti- lized, the presumption is therefore like other evidence.