Michael **BORDENKECHER**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 49A02–8908–CR–429.

Court of Appeals of Indiana,
Second District.

Nov. 5, 1990.

Rehearing Denied Dec. 20, 1990.

J.J. Paul, III, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Michael Bordenkecher appeals his conviction for operating a vehicle with .10% or more blood alcohol content, a class C misdemeanor. IC 9–11–2–1(a) (1988).

We reverse.

## FACTS

Bordenkecher was stopped at approximately 1:00 a.m. while traveling eastbound on Washington Street without lighted headlights. The stopping officer detected the odor of an alcoholic beverage on Bordenkecher's breath and observed his eyes were blood-shot.

Bordenkecher agreed to take a blood alcohol chemical test. The test was performed on an Intoxilyzer 5000 and showed Bordenkecher had a blood-alcohol content of .11%. He was charged with operating a motor vehicle while intoxicated and operating a motor vehicle with a blood-alcohol content of .10% or more. Following a bench trial, Bordenkecher was found not guilty of operating while intoxicated and convicted of operating with a blood-alcohol content of .10% or more. He appeals.

## ISSUES

1. Whether the testing procedure utilized by the breath test officer conformed

to the regulations of the Department of Toxicology.

2. Whether the evidence is sufficient to sustain the conviction.

## DISCUSSION

### I.

Bordenkecher argues the trial court erred in admitting into evidence the result of his Intoxilyzer 5000 breath test. Bordenkecher objected to the test result on the grounds the breath test officer failed to follow the approved method for conducting an Intoxilyzer 5000 breath test as set forth in 260 IAC 1.1–4–4.[1] As set forth in the regulation, the approved method is:

(1) The person to be tested must have had nothing to eat or drink, must not have put any foreign substance in his/her mouth or respiratory tract, and must not smoke within twenty (20) minutes prior to the time a breath sample is taken.

(2) Power switch must be in the ON position. Depress the START TEST button when indicted on the LED screen.

(3) Fill in a PRINT RECORD card with the appropriate information and place it in the PRINTER SLOT.

(4) When instrument displays "Please Blow", attach a new mouthpiece to the BREATH TUBE and instruct the subject to deliver his breath sample until the audible signal stops.

(5) Check the PRINT RECORD to be sure it is correct.

(6) If a failure to provide an adequate breath sample was caused by the lack of cooperation by the subject, the operator should record that the test was refused.

260 IAC 1.1–4–4. A testing officer's failure to use an approved procedure precludes

the admission into evidence of the test results in a Title 9, Article 11 proceeding:

Results of chemical tests that involve an analysis of a person's breath are not admissible in a proceeding under this article if:

\* \* \*

(4) the techniques used in the test; have not been approved in accordance with the rules adopted under subsection (a).

IC 9–11–4–5(d) (1988).

Bordenkecher blew twice into the Intoxilyzer 5000 without the testing officer restarting the test procedure. Borkenkecher argues the multiple blow procedure was not an approved technique and, therefore, the trial court erred in admitting the test result into evidence.

■ The trial court did not err in admitting the breath test result into evidence. The regulation does not explicitly recite a procedure for the testing officer to follow in taking a breath sample other than to "instruct the subject to deliver his breath sample until the audible signal stops." This instruction was followed. Although it took Bordenkecher two blows to comply with the instruction, he nevertheless complied and provided *his* "breath sample until the audible signal stop[ped]." The regulation does not prohibit multiple blows nor require that the testing procedure be restarted in the event a single blow is inadequate. The approved procedure was followed and the test results were properly admitted. However, the admission of the test does not mean the results cannot be attacked. Evidence that multiple blows impair the accuracy of the test result is a proper method of "rebutting" the "presumption" provided in IC 9–11–4–15(b).[2]

---

**1.** IC 9–11–4–5(a) (1988) requires "the director of the department of toxicology of the Indiana University School of Medicine [to] adopt rules ... concerning ... the certification of the proper technique for administering a breath test."

**2.** IC 9–11–4–15(b) (1988) provides:

If, in a prosecution for an offense under IC 9–11–2, evidence establishes that:

(1) a chemical test was performed on a test sample taken from the person charged with

the offense within the period of time allowed for testing under section 2 of this chapter; and

(2) the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the test sample was taken; the trier of fact shall presume that the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the person operated

## II.

Bordenkecher also argues the evidence is insufficient to sustain his conviction. He first claims the evidence is insufficient because the inadmissible breath test result is the only evidence of his blood alcohol content. This claim is without merit because we have held the test was properly admitted.

We also disagree with Bordenkecher's attack upon the constitutionality of the presumption. In *Hall v. State* (1990), Ind. App., 560 N.E.2d 561, this court, in holding the "presumption" did not violate constitutional principles, described the presumption in IC 9–11–4–15(b) as permissive "in the sense that the [factfinder] may accept or reject it and is not compelled to find the presumed fact even if the defendant does not come forward with evidence to rebut the presumption." *Hall* at 562–63. Thus, where, as here, "the defendant does not rebut or attempt to rebut the presumption, the trier of fact is not compelled to find the presumed fact of blood alcohol content at the time of vehicle operation from the proved fact of blood alcohol content at the time of later testing." *Hall* at 563.

However, the record irrefutably reveals that the trial court, as factfinder, considered the presumption mandatory.

Well, okay. The Court is going to show evidence heard and I think frankly, we get locked into these [tests], but the statute says you are locked into them. I don't know what you do with them. I have some suspicion myself obviously and at best here we have a [marginal] situation, whether he had two and a half ounces or whatever it takes a man of his size to get up to .11 or below a .11 whatever it is. It is kind of speculation but you do have the test to be confronted with. You raised a good point on the double blowing into the machine. Should there of [sic] been some adjustments made or does this present a [cumulative] effect and therefore resulting in a high test.

Record at 105–6.

The assumption is that the trial court, as factfinder, correctly applies and follows the

law. However, where the record evidences the assumption is not valid, relief is appropriate. Here, the factfinder's conviction is based upon the assumption the breath test presumption was mandatory. That assumption is erroneous. Therefore, Bordenkecher is entitled to a new trial.

Judgment reversed and cause remanded for a new trial.

SULLIVAN, J., concurs.

CHEZEM, J., concurs in result with separate opinion.

CHEZEM, Judge, concurring.

I concur in result. The trial judge said because of the field test and the breath test, the court would enter a finding of guilty. I do not agree the trial judge necessarily considered the presumption created by the breath test irrebutable, but only that the judge was unsure of his decision. Therefore, I concur in result.

the vehicle. However, this presumption is

rebuttable.