Robert G. BLACK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 27A02–9303–CR–109.

Court of Appeals of Indiana, Third District.

Oct. 4, 1993.

Darrell S. Thompson, Marion, for appellant-defendant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Appellant-defendant Robert G. Black appeals his conviction for operating a vehicle with ten-hundredths percent (.10%) by weight of alcohol in his blood, a Class C misdemeanor.

The evidence relevant to the appeal discloses that on June 1, 1992, at approximately 9:45 P.M., Indiana State Police Officer Mike Lantz was driving westbound on State Road 18 when he observed an eastbound vehicle approaching at a high rate of speed. Officer Lantz activated his radar equipment and determined that the car was travelling 60 miles per hour. The posted speed limit was 45 miles per hour.

Officer Lantz turned his vehicle around and pursued the vehicle. Black, who was driving the car, pulled over when he saw Officer Lantz' red lights. Black did not have his driver's license and was not wearing a seat belt. Lantz saw an opened container of beer in the car. Also, Officer Lantz smelled the odor of alcoholic beverages. Black acknowledged that he had been drinking.

Officer Lantz administered a portable breath test, an alcosensor, to Black. Black was taken to the police station where a breath test was administered using an Intoxilyzer 5000 machine. A test result of .10% blood alcohol was recorded. Pursuant to Black's request, field sobriety tests were conducted which Black successfully completed.

After a trial by jury, Black was convicted as noted above. This appeal ensued.

Black raises three issues for review:

(1) whether Black received a fair trial in light of the State's revision of a previously entered plea agreement on behalf of a juror;

(2) whether sufficient probable cause existed to stop Black; and

(3) whether the evidence is sufficient to sustain the conviction.

Black first contends that he did not receive a fair trial in light of a plea agreement he discovered wherein a juror's previously entered conviction, pursuant to a plea agreement, for felony drunk driving was amended to a misdemeanor. The copy of the plea agreement, placed in the record, notes that "Defendant [the juror] served on a County Court Jury that convicted of DUI," and "Defendant would suffer hardship from DUI felony conviction." Black merely submitted the copy of the "Amended Plea Agreement" with the record on appeal. Although the "Amended Plea Agreement" is dated three days prior to Black's sentencing hearing, Black did not attempt to raise this "newly discovered evidence" in a motion to correct error. *See* Ind. Trial Rule 59(A) (motion to correct error mandatory for newly discovered evi-

dence which could not have been raised at trial).

Moreover, Black did not submit any evidence that the juror named in the plea agreement was in fact a juror in his case. The name of the defendant juror does not appear in the record as one of the jurors polled as to the verdict in Black's case.

As noted by the State, Black did not present this "evidence" in the proper format and failed to tie the agreement to the proceedings in his case. Thus, Black failed to demonstrate error. However, if the copy of the agreement as submitted with the record actually represents events which took place on *any* plea agreement, such practice is strongly discouraged.

■ Next, Black complains that the officer did not have probable cause to stop his vehicle. Black seeks only to cast doubt on the plausibility of the events as reported by the officer. Courts reviewing the sufficiency of the evidence will neither weigh evidence nor judge the credibility of witnesses and will consider only the probative evidence and any reasonable inferences supporting the verdict. *Braswell v. State* (1990), Ind., 550 N.E.2d 1280, 1284. Further, police officers may stop a vehicle when they observe minor traffic violations. *See State v. Heuck* (1991), Ind.App., 577 N.E.2d 608, 610. The evidence supports a finding that Black was speeding. Officer Lantz properly stopped Black's vehicle. When Officer Lantz approached Black's car, he smelled alcohol and an opened alcoholic beverage was visible. Black's contention that the officer did not have probable cause to stop him is without merit.

■ Finally, Black alleges that the evidence is insufficient to sustain his conviction. Specifically, Black contends that the

evidence demonstrates that a reading of .10% blood alcohol content could be rounded up from a lesser blood alcohol content. Accordingly, the evidence of a .10% reading in his case does not establish that his b.a.c. was at least .10% when he was operating the vehicle or at any other time. The statute under which Black was convicted provides, in pertinent part:

"A person who operates a vehicle with at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood commits a Class C misdemeanor."

IND.CODE § 9–30–5–1(a) (1991 Supp.).

When asked whether the breathalyzer "rounds up" to the next highest number, the officer who conducted the test stated that it would "round up." The officer testified:

"Q. So based upon the information you're given uh, if I'm hearing your correct, you cannot testify and tell us that beyond a reasonable doubt the test that Mr. Black took was point one oh oh [sic] or higher? Is that correct? Because I think you testified. If I understand right, you testified that it could've been point oh nine six [sic] and then it would have been rounded up to point one oh [sic].

A. That's correct."

Under the limited circumstances of the present case [1] where no evidence was submitted to refute the above testimony, e.g. evidence that no "rounding up" process occurs or that the machine is incapable of making a reading out to the thousandths for a rounding up to occur, the evidence in the present case does not support a finding that Black operated a vehicle with "at least ten-hundredths percent (.10%)" alcohol in his blood.

1. Laws similar to Indiana's have been enacted in most states to meet the dictates of a federal provision, 23 U.S.C. § 408(e)(1)(C), which allows monetary grants to states with such statutes. *See Per Se Alcohol Offense Statutes*, 54 A.L.R.4th 149, 154. Constitutional and nonconstitutional challenges to the efficacy of the statutes have been largely unsuccessful. *Id.; see also Hall v. State* (1990), Ind.App., 560 N.E.2d 561 (following *Chilcutt, infra*, but reversal required because instruction could be interpreted as mandatory presumption); *Chilcutt v. State* (1989), Ind.App., 544 N.E.2d 856, 857–858 (statute providing for rebuttable presumption not unconstitutional shift of burden to defendant). However, in several cases where the challenge concerned the sufficiency of the evidence as to the person's blood alcohol content at the time of operating a vehicle, courts have demanded a showing that a defendant's blood alcohol content would have been at the statutory minimum at the crucial time. *See id.* at § 14[b].

In *State v. Lamelle* (1975), 133 Vt. 378, 340 A.2d 49, the court determined that "a rounding-off" of .001% did not prejudice the defendant where the chemical analysis resulted in a reading of .15%, considerably over the .10% limit. The court noted:

"The record does not indicate that the defendant was misled to his prejudice by the information or that the substantial rights of the defendant were prejudiced by the variance of .001% between the charge and proof of the blood alcohol level. But, if the actual test established a level of less than .10% and a rounding-off would result to elevate it to the minimum, or more, of the level prohibited by the statute, this would indeed be prejudicial to the accused."

*Id.*, 340 A.2d at 51.

Accordingly, based upon the evidence adduced at his trial, Black's conviction for operating a vehicle with at least .10% blood alcohol content must be reversed.

Reversed.

GARRARD, J., concurs.

MILLER, J., concurs in result.