**Rodney J. THOMPSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 65A04–9410–CR–403.

Court of Appeals of Indiana, Fourth District.

Feb. 13, 1995.

Transfer Denied May 11, 1995.

---

William W. Gooden, Mt. Vernon, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Rodney J. Thompson appeals his conviction for operating a vehicle with a ten-hundredths percent (.10%) blood alcohol content (BAC), a class C misdemeanor.[1]

We affirm.

### ISSUES

1. Whether the statutory presumption concerning blood alcohol content found in Ind.Code 9–30–6–15 survives the introduction of evidence which may rebut it?

2. Whether the evidence is sufficient to sustain Thompson's conviction?

### FACTS

At 7:30 p.m. on December 4, 1993, Thompson went to Hawk's Bar and Grill in Mt. Vernon, Indiana. While there, he consumed five alcoholic beverages, the last one immediately before leaving at approximately 1:35 or 1:40 a.m. on December 5. Shortly thereafter, at approximately 1:41 a.m., Officer Layden noticed a gray Buick with a brake light out traveling slowly on College Street. He stopped the Buick to inform the driver,

---

1. Ind.Code 9–30–5–1.

Thompson, of the problem. During the stop, Officer Layden noticed Thompson display signs of intoxication and, consequently, offered Thompson the opportunity to submit to a breath test. Thompson agreed and was transported to the Posey County Jail where his breath was tested on the Intoxilyzer 5000 at approximately 2:30 a.m. The test results revealed that Thompson had a blood alcohol content of .13% by weight.

Thompson was charged with driving while intoxicated, a class A misdemeanor, and with operating a vehicle with at least a .10% BAC, a class C misdemeanor. At trial, the officer who administered the breath test testified that Thompson's BAC was .13% at 2:30 a.m. On cross examination, the officer admitted that he did not know what Thompson's BAC was at 1:41 a.m. when Officer Layden pulled Thompson over, stating "I can't extrapolate. It would be a theory based on formulas ... Depending on the last drink and the saturation point." R. at 61. The officer conceded Thompson's BAC "could have been" under .10% at 1:41 a.m. R. at 61. The jury determined that while Thompson was not guilty of driving while intoxicated, he was guilty of driving with a BAC of at least .10%.

## DECISION

## I. THE PRESUMPTION

■ Ind.Code 9–30–6–15(b) provides:

If, in a prosecution for an offense under IC 9–30–5, evidence establishes that:

(1) a chemical test was performed or a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and

(2) the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the test sample was taken;

the trier of fact shall presume that the person charged with the offense had at least ten-hundredths percent (0.10%) by weight of alcohol in the person's blood at the time the person operated the vehicle. However, *this presumption is rebuttable.*

(Emphasis added.) Ind.Code 9–30–6–2(c) provides:

A test administered under this chapter must be administered within three (3) hours after the law enforcement officer had probable cause to believe the person committed an offense under IC 9–30–5.

Thus, if a breath test administered within three hours after a law enforcement officer had probable cause to believe a person was driving with a BAC of at least .10% indicates the person does, in fact, have at least a .10% BAC, the trier of fact may presume the person's BAC at the time of the offense was at least .10%. The presumption is, however, rebuttable. Accordingly, based on the State's evidence that Thompson's BAC was .13% approximately fifty minutes after Officer Layden pulled him over, the trial court gave final instruction number 11 which instructed the jury as follows:

The State of Indiana has presented evidence that the defendant was administered a chemical test which indicated that the defendant had at least ten-hundredths (.10%) by weight of alcohol in his blood at the time a test sample was taken.

If the evidence presented establishes that the defendant was administered a chemical test which indicated that the defendant had at least ten-hundredths percent (.10%) by weight of alcohol in his blood at the time a test sample was taken, then you, the triers of fact, may presume that the defendant had at least ten-hundredths percent (.10%) by weight of alcohol in his blood at the time he operated the vehicle. However, this presumption is rebuttable.

You are instructed that this presumption is a permissive presumption only and you may accept the presumption or reject it, as you see fit. You may choose to accept or reject the presumption even if the defendant presents no evidence or insufficient evidence to rebut the presumption.

R. at 19.

Thompson contends the trial court erred in giving the instruction because the officer who administered the BAC test conceded that he did not know precisely what Thompson's BAC level was at 1:41 a.m. Therefore, Thompson claims, he presented evidence

which rebutted the presumption found in I.C. 9–30–6–15(b) and, accordingly, the presumption should have "dropped from the case." Appellant's brief at 5. In other words, Thompson argues, the trial court should not have instructed the jury as to the presumption. In the alternative, Thompson claims the court should have given his tendered instruction number 1 which is a verbatim recitation of the trial court's final instruction number 11, with the addition of the following paragraph:

> However, if there has been any evidence introduced indicating that this presumption is incorrect then you may not presume that a person who had at least ten-hundredths percent (.10%) by weight of alcohol in his blood at the time of the chemical test would have had at least ten-hundredths percent (.10%) by weight of alcohol in his blood at the time he operated the vehicle.

R. at 34.

In support of his argument, Thompson directs our attention to *Young v. State* (1972), 258 Ind. 246, 280 N.E.2d 595, wherein our supreme court held that when a defendant in a criminal case has presented "competent or admissible evidence" on the issue of his or her sanity, the legal presumption of sanity disappears from the case. Thus, because the defendant's sanity has become a question of fact for the jury, the supreme court concluded it should not be instructed as to the initial existence of the presumption of sanity.

■ We believe, however, that the "presumption of sanity" differs from the presumption at issue in the case before us. In his treatise on evidence, Judge Robert L. Miller, Jr. cites *Young* in his explanation of this difference:

> Many of the doctrines commonly referred to as "presumptions" in criminal cases are not true presumptions in the sense used here, in that they do not arise from evidence presented in the case. For example, the "presumption of innocence," *Underhill v. State* (1981), 428 N.E.2d 759; *Hack v. State* (1982), 437 N.E.2d 486, and the "presumption of sanity," *Young v. State* (1972),

258 Ind. 246, 280 N.E.2d 595; *Walters v. State* (1915), 183 Ind. 178 108 N.E. 583, preside over criminal cases from the outset, and do not depend upon proof of other facts to trigger them.

Robert L. Miller, Jr., *Indiana Evidence*, § 303.101, at 153 n. 1 (1984). Here, the presumption that Thompson's BAC was at least .10% at 1:41 a.m. clearly arises from the evidence presented to the jury, which indicates that Thompson's BAC was .13% at 2:30 a.m. Thus, because the BAC presumption at issue here depends upon proof of other facts to trigger it, unlike the "presumption of sanity," we find *Young* to be inapplicable.

Furthermore, despite Thompson's arguments to the contrary, we are of the opinion that the BAC presumption does not "drop from the case" upon the defendant's rebuttal, or attempted rebuttal, of the presumed fact.

In *Chilcutt v. State* (1989), Ind.App., 544 N.E.2d 856, the defendant was convicted of driving a vehicle with at least a .10% BAC. On appeal, the defendant argued that the presumption found in Ind.Code 9–11–4–15, the predecessor to I.C. 9–30–6–15, unconstitutionally shifted the burden of proof away from the State because it relieved the State of proving that he had a BAC of at least .10% at the time of the offense.[2] In addressing the defendant's argument, Judge Hoffman, writing for our Third District, cited with approval 22A C.J.S. *Criminal Law* § 579, pp. 331–2:

> The legislature may enact laws declaring that, on proof of one fact, another fact may be *inferred or presumed,* and such enactments are constitutional, provided no constitutional right of [sic] accused is destroyed thereby, the presumption is subject to rebuttal, and there is some rational connection between the fact proved and the ultimate fact presumed. [Footnotes omitted].

*Id.* at 858 (emphasis added).

Judge Hoffman found that a rational connection existed in I.C. 9–11–4–15 between the fact proved (the person had a BAC of at least .10% at the time the test was administered) and the ultimate fact presumed (the person

---

**2.** The language of I.C. 9–11–4–15 is essentially identical to the language of I.C. 9–30–6–15.

had a BAC of at least .10% at the time he was driving if the test was administered within three hours of driving). As to the nature of the presumption, Judge Hoffman concluded as follows:

> Presumptions in criminal statutes are not considered conclusive and do not affect the burden of proof, but shift the burden of going forward with evidence to the defendant. 22A C.J.S. Criminal Law § 579 (1988 Supp.). The State remains responsible for proving the necessary elements of the offense beyond a reasonable doubt. The defendant's constitutional rights have not been destroyed. The presumption is rebuttable and the defendant may produce evidence to overcome the presumption.

*Id.*

A year later, the Second District addressed an identical constitutional challenge to a jury instruction which paralleled the language of I.C. 9–11–4–15(b) in *Hall v. State* (1990), Ind.App., 560 N.E.2d 561. The Second District agreed with the Third "that the language contained in the instruction does not create a conclusive presumption nor shift the burden of proof to the defendant." *Id.* at 563. However, the Second District pointed out that because the language of the statute states the trier of fact "shall presume" a BAC of at least .10% at the time the person was driving, unless the presumption has been rebutted, the statute appears to contemplate a mandatory presumption.

Noting that the Supreme Court repudiated the use of mandatory presumptions and mandatory rebuttable presumptions in criminal cases in *Francis v. Franklin* (1985), 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344, the Second District found that "notwithstanding the phrase 'shall presume,' the statute does not create a mandatory presumption." *Id.* Rather, "the presumption is permissive." *Id.*

> [Thus], even in a case in which the defendant does not rebut or attempt to rebut the presumption, the trier of fact is not compelled to find the presumed fact of blood alcohol content at the time of vehicle operation from the fact of blood alcohol content at the time of later testing. *The jury is free to accept the presumption or not, just as it is free to do with other evidence.* See *Jacks v. State* (1979) 271 Ind. 611, 394 N.E.2d 166, 175; *McKinney v. State* (1990) 3d Dist.Ind.App., 553 N.E.2d 860, *trans. denied.*

*Id.* (emphasis added). The court reversed because the instruction did not "clearly advise the jury that the presumption is only permissive." *Id.*[3]

In *Sturgeon v. State* (1991), Ind.App., 575 N.E.2d 679,[4] the First District, citing the Supreme Court's analysis in *Franklin, supra,* discussed the difference between a "mandatory presumption" and a "permissive inference:"

> A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. These types of presumptions violate the Due Process Clause if they relieve the State of the burden of persuasion on an element of an offense.
>
> A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicated facts, but does not require the jury to draw that conclusion. *Id.* at 315, 105 S.Ct. at 1971. It does not relieve the State of its burden of persuasion because it still requires the State to convince the jury that the suggested conclusion should be inferred based on the predicate facts proved. *Id.*

*Id.*

In discussing the use of presumptions in criminal cases, Miller instructs:

> ... a presumption is unconstitutional in a criminal case if the presumption is conclusive against the accused, or if it shifts the burden of persuasion to the defendant. A presumption cannot be mandatory in a

---

3. The jury instruction at issue in the instant case does not suffer from the same infirmity. Rather, it specifically instructs the jury that the presumption is permissive and may be accepted or rejected as the jury pleases.

4. The Defendant in *Sturgeon* challenged a jury instruction which was similar to the instruction analyzed in *Hall.* Relying on *Chilcutt* and *Hall,* the First District determined that the instruction was constitutionally infirm because it failed to inform the jury that the presumption was both rebuttable and permissive.

criminal case ... [f]or practical purposes, a presumption in a criminal case differs very little from an inference. An inference which is logical and based upon the evidence is sufficient proof of an element of the crime if accepted by the jury.

*Miller, supra,* § 303.101, at 153 (footnotes omitted). Miller characterizes an "inference" as follows:

An *inference* is a process of reasoning by which one fact may be deduced or drawn from another fact already proved.... *Presumptions* are not evidence and do not survive the production of competent evidence tending to prove the contrary of the presumed fact. An *inference* remains in the case despite the presentation of contrary proof and may be weighed with all the other evidence.

*Id.,* § 301.103, at 139–40 (emphasis added) (footnotes omitted).

■ Thus, constitutional concerns dictate that a presumption in a criminal case must be both rebuttable and permissive. Accordingly, the BAC presumption at issue here passes constitutional muster since it encompasses both requirements. *Chilcutt, supra; Hall, supra; Sturgeon, supra. See also Platt v. State* (1992), Ind., 589 N.E.2d 222, 230; *Warthen v. State* (1992), Ind.App., 588 N.E.2d 545, 549; *Bordenkecher v. State* (1990), Ind.App., 562 N.E.2d 49, 51, *reh'g denied, trans. denied.* Moreover, because the BAC presumption is permissive in nature, we conclude the presumption does not drop from the case upon the introduction of evidence which may rebut it.

Our decision comports with our decision in *Hall, supra,* and our analysis of the territorial jurisdiction presumption in *McKinney v. State* (1990), Ind.App., 553 N.E.2d 860, wherein we concluded that:

... the prosecution must prove territorial jurisdiction beyond a reasonable doubt and that state law provides a presumption in favor of territorial jurisdiction where the body is found within state boundaries. The jury, therefore, must be instructed

that the presumption exists. *See* Model Penal Code § 1.12(5)(a). *Although the defendant or the State may have introduced evidence that tends to rebut the presumption, the presumption has not disappeared. Rather the presumption is permissive.* Although the jury must find that Fox was murdered in Indiana beyond a reasonable doubt, it *may infer* territorial jurisdiction if the prosecution has proven Fox's body was found in Indiana.

*Id.* at 864 (emphasis added).[5]

The trial court did not err in giving final instruction number 11, which properly instructed the jury the BAC presumption was rebuttable, and that the jury was free to accept or reject the presumption—even if no rebuttal evidence was introduced; neither did the trial court err in refusing to give Thompson's tendered instruction number 1, which is, pursuant to our analysis, an incorrect statement of the law with respect to the evidentiary function of the BAC presumption.

## II. SUFFICIENCY OF THE EVIDENCE

Thompson argues the State failed to introduce any definitive evidence of his BAC level at the time he was driving; thus, he claims, the evidence is insufficient to sustain his conviction for driving with at least a .10% BAC. We disagree.

■ Our standard of review for sufficiency of the evidence is well-settled. We will neither reweigh the evidence nor judge the credibility of witnesses. We examine only the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom, and, if there is substantial evidence of probative value to support the conviction, it will not be set aside. *Geans v. State* (1993), Ind.App., 623 N.E.2d 435, 437.

■ The State introduced evidence that Thompson's BAC was .13% at 2:30 a.m. Despite the fact the officer who administered the BAC test testified that he was unable to

5. *See also Mullins v. State* (1995), Ind., 646 N.E.2d 40, wherein our supreme court determined that when "prima facie" evidence of a fact is contradicted, a question of fact is thereby created for the trier of fact. The "presumption" created by the prima facie evidence does not disappear upon contradiction.

determine Thompson's exact BAC level at 1:41 a.m., as we discussed in ISSUE I, the jury was permitted to infer that Thompson's BAC level was at least .10% at the time he was driving. Thus, because the BAC test was administered within three hours of the time Thompson was driving, the evidence is sufficient to support Thompson's conviction.

Affirmed.

RILEY and BAKER, JJ., concur.