Jacob A. **DONALDSON**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 71A03–0811–CR–564.

Court of Appeals of Indiana.

April 13, 2009.

Gary L. Griner, Mishawaka, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Jacob A. Donaldson (Donaldson), appeals his conviction for operating a motor vehicle while privileges are suspended, as a Class A misdemeanor, Ind.Code § 9–30–10–16.

We affirm.

### ISSUES

Donaldson raises four issues, which we restate as:

(1) Whether the rebuttable presumption found in Indiana Code section 9–30–10–16(b) unconstitutionally removes the burden of proof from the State;

(2) Whether the trial court abused its discretion by admitting an incomplete driving record;

(3) Whether the trial court erroneously added an element to the crime of operating a vehicle while driving privileges are suspended; and

(4) Whether the State presented sufficient evidence to prove beyond a reasonable doubt that Donaldson knew his driving privileges were suspended.

### FACTS AND PROCEDURAL HISTORY

On July 26, 2007, Donaldson was sent a "Notice of Suspension" from the Bureau of Motor Vehicles (BMV), informing him that

his driving privileges were suspended due to his conviction for operating while intoxicated. (Appellant's App. p. 21). However, his suspension was to end as of July 22, 2007, and, therefore, had terminated prior to the BMV sending the notice.

On September 3, 2007, Donaldson was sent a "Notice of Suspension," informing him that his license was being suspended as a result of his failure to provide proof of vehicle insurance on April 6, 2007. (Appellant's App. p. 42). This "Notice of Suspension" stated that his privileges were suspended as of September 3, 2007, for a period of 90 days.

On September 8, 2007, Donaldson was sent a "Habitual Traffic Violator Notice of Suspension," which stated that his driving privileges would be suspended effective October 15, 2007, and would remain suspended until October 13, 2012. (Appellant's App. p. 20). This notice listed ten of Donaldson's "qualifying traffic offenses" which had occurred between 1997 and 2005, and stated that Donaldson had additional qualifying offenses.

On September 22, 2007, Donaldson was sent a "Notice of Reinstatement," which stated that, due to a "recent update to [his] record," his driving privileges were reinstated on September 21, 2007. (Appellant's App. p. 39). The "Notice of Reinstatement" did not refer to any of Donaldson's suspensions specifically.

On November 3, 2007, Donaldson received another "Notice of Suspension." (Appellant's App. p. 41). This notice informed Donaldson that his driving privileges were suspended because of his offense of possession of a controlled substance. The notice also informed him that, "[f]or this offense you will be eligible for reinstatement on 1/14/2008." (Appellant's App. p. 41).

On March 12, 2008, an Indiana State Police trooper clocked Donaldson driving a car traveling eighty-three miles per hour in a zone where the maximum speed limit is sixty-five miles per hour. Another trooper stopped Donaldson, determined that he was an habitual traffic violator whose privileges had been suspended for five years, and arrested him. On March 13, 2008, the State filed an Information charging Donaldson with operating a motor vehicle while suspended as an habitual violator, a Class D felony, I.C. § 9–30–10–16.

On August 28, 2008, the trial court held a bench trial. During the trial, the State offered for admission a certified copy of the "HTV Packet" as State's Exhibit 1. (Tr. p. 107). Donaldson objected to the admission of State's Exhibit 1 because it was not a complete driving record. However, the trial court admitted State's Exhibit 1 because that was the document requested by the State from the BMV, and the BMV had certified the document "as requested." (Tr. p. 110; Appellant's App. pp. 14–15). Also during the trial, the trial court expressed its concerns to a witness representing the BMV about the confusion that could be caused by the generic "Notice of Reinstatement" sent subsequent to the "Habitual Traffic Violator Notice of Suspension." (Tr. p. 121).

During closing arguments, Donaldson argued that the confusion caused by the "Notice of Reinstatement" was sufficient to rebut the presumption that he knew his driving privileges had been suspended. The trial court concluded that a reasonable person would have contacted the BMV to figure out the status of his driving privileges, and paraphrased the "Habitual Traffic Violator Notice of Suspension" where it states "if you think something [is] wrong here, you got to get to us [the BMV] and correct it." (Tr. p. 162). The trial court

noted that there was no evidence that Donaldson had contacted the BMV regarding the status of his driving privileges, and, therefore, concluded that he had not rebutted the presumption of knowledge of suspension caused by the BMV mailing the notice of suspension to Donaldson's last known address. The trial court announced that it was finding Donaldson guilty of operating a motor vehicle while his driving privileges were suspended as an habitual traffic violator, as a Class D felony.

On October 14, 2008, the trial court held a sentencing hearing. At the sentencing hearing, the trial court reduced Donaldson's conviction to a Class A misdemeanor. The trial court sentenced Donaldson to one year, suspended to probation, and ordered that Donaldson's driving privileges be suspended for an additional two years, to begin when his current suspension of five years terminated.

Donaldson now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

I. *Constitutionality of I.C. § 9–30–10–16*

Donaldson argues that Indiana Code section 9–30–10–16(b) is unconstitutional because it mandates a presumption of knowledge of suspension if the State demonstrates that the BMV mailed notice of the suspension to the defendant's last known address. The State contends that Donaldson has waived this argument by not raising it before the trial court.

■■■ Addressing the State's contention of waiver first, Donaldson did not file a motion to dismiss or present any argument to the trial court regarding the con-

stitutionality of I.C. § 9–30–10–16. "Generally, a challenge to the constitutionality of a criminal statute must be raised by a motion to dismiss prior to trial, and the failure to do so waives the issue on appeal." *Johnson v. State*, 879 N.E.2d 649, 654 (Ind.Ct.App.2008). Donaldson presents no reason why such waiver would not apply here; therefore, we conclude that he has waived this contention for review.

■■■ Waiver notwithstanding, we will address Donaldson's contention of unconstitutionality. First, we note that, when a defendant challenges the constitutionality of a criminal statute, we presume the statute is constitutional. *Baumgartner v. State*, 891 N.E.2d 1131, 1136 (Ind.Ct.App. 2008). "It is the defendant's burden to rebut this presumption, and we resolve all reasonable doubts in favor of the statute's constitutionality." *Id.*

■■■ Donaldson cites to *Thompson v. State*, 646 N.E.2d 687 (Ind.Ct.App.1995), for the proposition that a mandatory presumption which shifts the burden of proof from the State in a criminal case is unconstitutional. This is an accurate statement of the law. However, Donaldson's argument assumes, without citation to authority, that the presumption contained in Indiana Code section 9–30–10–16 is mandatory, not permissive, and shifts the burden of proof from the State.

We need look no further than the very case which Donaldson cites for the above legal proposition to refute his assumption. In *Thompson*, we considered whether the presumption in former Indiana Code section 9–30–6–15 should have been applied, addressing along the way the constitutionality of such presumptions.[1] Former

---

1. Indiana Code section 9–30–6–15 has since been amended by P.L. 1–2000, primarily to recognize a lower threshold of permissible blood alcohol level when operating a motor vehicle. However, the language of the presumption has remained the same. Nevertheless, we will refer to former Indiana Code

Indiana Code section 9–30–6–15(b) provided:

> If, in a prosecution for an offense under IC 9–30–5, evidence establishes that:
>
>> (1) a chemical test was performed or a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and
>>
>> (2) the person charged with the offense had at least ten-hundredths percent [ ] by weight of alcohol in the person's blood at the time the test sample was taken;
>
> the trier of fact shall presume that the person charged with the offense had at least ten-hundredths percent [ ] by weight of alcohol in the person's blood at the time the person operated the vehicle.
>
> However, this presumption is rebuttable.

The *Thompson* court reviewed relevant case law, including our decision in *Chilcutt v. State*, 544 N.E.2d 856 (Ind.Ct.App.1989). In *Chilcutt*, we addressed the presumption in former Indiana Code section 9–30–6–15(b) by stating:

> The legislature may enact laws declaring that, on proof of one fact, another fact may be inferred or presumed, and such enactments are constitutional, provided no constitutional right of [sic] accused is destroyed thereby, the presumption is subject to rebuttal, and there is some rational connection between the facts proved and the ultimate fact presumed.

*Id.* at 858 (footnotes omitted). Further, we commented on the nature of presumptions in criminal statutes as follows:

> Presumptions in criminal statutes are not considered conclusive and do not affect the burden of proof, but shift the burden of going forward with evidence to the defendant. The State remains responsible for proving the necessary elements of the offense beyond a reasonable doubt. The defendant's constitutional rights have not been destroyed. The presumption is rebuttable and the defendant may produce evidence to overcome the presumption.

*Id.* (citation omitted). In *Chilcutt*, we concluded, that the presumption contained in Indiana Code section 9–30–6–15(b) was not unconstitutional because there is a rational connection between "the fact proved and the ultimate fact presumed," the fact proved being the blood alcohol content at the time of the test, and fact presumed being the blood alcohol content shortly before when the defendant was driving. *Id.* Likewise, in *Thompson*, we concluded, despite the fact that Indiana Code section 9–30–6–15(b) stated "the trier of fact shall presume," the presumption was permissive and not mandatory due to "constitutional concerns." 646 N.E.2d at 692.

■ In the statute before us now, Indiana Code section 9–30–10–16(b), our legislature has provided that:

> Service by the bureau of notice of the suspension or restriction of a person's driving privileges under subsection (a)(1) or (a)(2):
>
>> (1) in compliance with section 5 of this chapter; and
>>
>> (2) by first class mail to the person at the last address shown for the person in the bureau's records;
>
> establishes a rebuttable presumption that the person knows that the person's driving privileges are suspended or restricted.

In light of our decisions in *Chilcutt* and *Thompson*, the statute must be read to declare that, upon proof of one fact, service of the suspension by first class mail at the defendant's last shown address, the

section 9–30–6–15, since that is what was addressed in *Thompson*.

defendant's knowledge of the suspension may be presumed or inferred, but this presumption can be rebutted. There is a rational connection between service to the defendant and his knowledge. Service of notice of a suspension to the address which the defendant himself has last provided to the BMV should be an effective way to inform the defendant of his suspension. Although we could see how one who is not versed in the law may be misled by such a presumption to believe that the burden of proof has been lifted from the State, we presume that the trial court knows and follows the applicable law. *Thurman v. State*, 793 N.E.2d 318, 321 (Ind.Ct.App. 2003).

For these reasons, we conclude that Donaldson has waived his claim that Indiana Code section 9–30–10–16 is unconstitutional, but even if he had properly preserved that claim, he has not demonstrated that the presumption in that statute is unconstitutional.

## II. *Admission of State's Exhibit 1*

Next, Donaldson argues that the trial court abused its discretion by admitting State's Exhibit 1 as evidence because it did not contain his complete driving record. Donaldson asks that we reverse his conviction in light of this contended error.

 We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *McVey v. State*, 863 N.E.2d 434, 440 (Ind.Ct.App.2007), *reh'g denied, trans. denied.* An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* However, if a trial court abused its discretion by admitting the challenged evidence, we will only reverse for that error if the error is inconsistent with substantial justice or if a substantial right of the party is affected. *Id.*

 Donaldson contends that State's Exhibit 1 "purported to be a complete driving record." (Appellant's Br. p. 13). However, this contention is erroneous. The certification for State's Exhibit 1 stated: "I, RONALD L. STIVER, Commissioner of the Indiana Bureau of Motor Vehicles and custodian of the records therein, hereby certify that the attached is a full, true and complete copy *of the record, as requested* . . . ." (Appellant's App. p. 15) (emphasis added). The request for record by the State was entitled "Request for HTV Packet." (Appellant's App. p. 14). The trial court relied upon this distinction when admitting State's Exhibit 1: "the [C]ommissioner said [it] is a full, true, and complete copy of the record as requested. That's the kicker here. Here's the problem. The request has a big title in the middle. Request for HTV Packet. [ ] As requested, they requested the HTV packet." (Tr. pp. 109–110). Donaldson makes no contention that State's Exhibit 1 was not a complete HTV packet. As such, we cannot say that the trial court abused its discretion by determining that State's Exhibit 1 was a complete record.

Moreover, the remedy which Donaldson seeks, reversal of the conviction, would not be the correct remedy even if State's Exhibit 1 was an incomplete record. Donaldson cites to Ind. Evidence Rule 106 for support, which provides: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require at that time the introduction of any other part or any other writing or recorded statement which in fairness ought to be considered contemporaneously with it." When applying this rule, we have stated that, "[u]nder the doctrine of completeness, when one party seeks to admit a portion of a document or recorded statement into evidence, the opposing party can place the remainder of the state-

ment into evidence." *Vinson v. State,* 735 N.E.2d 828, 833 (Ind.Ct.App.2000), *trans. denied, abrogated on other grounds by Long v. State,* 743 N.E.2d 253 (Ind.2001), *reh'g denied.* Donaldson has access to his own driving record, just as the State does, and was at liberty to admit any portion thereof which promoted his defense. Indeed, it appears that Donaldson did so by entering into evidence the "Notice of Reinstatement," which he contends rebuts the presumption of his knowledge of the suspension. For both of these reasons, we cannot say that the trial court abused its discretion when it admitted State's Exhibit 1.

### III. *Addition of an Element*

■ Donaldson also contends that the trial court committed reversible error by adding an element to the charge of operating a motor vehicle while privileges are suspended. Donaldson's contention relies solely on a discussion by the trial court wherein it inferred that, because Donaldson did not contact the BMV with regard to the notices that he received which he had argued caused him confusion about the status of his driving privileges, his claim of confusion was unfounded. Donaldson cites to no legal authority for his contention that the trial court's inference constituted adding an element to his crime, or why such action would justify a reversal of his conviction. For this reason, we conclude that Donaldson has waived this contention pursuant to Ind. Appellate Rule 46(A)(8)(a) for failure to make a cogent argument supported by citation to authority.

### IV. *Sufficiency of the Evidence*

■ Finally, Donaldson argues that his conviction for operating a motor vehicle while privileges are suspended was not supported by sufficient evidence. Specifically, Donaldson contends that the State did not prove he had knowledge that his driving privileges had been suspended as required by Indiana Code section 9–30–10–16.

In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. We will consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. A conviction may be based upon circumstantial evidence alone. Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense.

*Perez v. State,* 872 N.E.2d 208, 212–13 (Ind.Ct.App.2007), *trans. denied* (citations omitted).

■ Donaldson contends that the State failed to prove that he knew that his driving privileges were suspended beyond a reasonable doubt because of several notices of suspensions and the notice of reinstatement that he received in 2007. However, Donaldson is essentially asking us to reweigh the evidence. The State proved that the BMV sent notice of Donaldson's suspension for being a habitual traffic violator to Donaldson's address last shown in the BMV records. Indiana Code section 9–30–10–16 provides that effecting service this way may support an rebuttable presumption that the defendant knew his driving privileges were suspended, and the trial court clearly accepted this presumption. Donaldson tried to rebut this presumption with evidence that other notices from the BMV may have caused him to be confused. But, the trial court did not find that this evidence rebutted the presumption of knowledge because Donaldson presented no evidence that he had attempted to contact the BMV to determine the sta-

tus of his driving privileges. We cannot reweigh the evidence, and, therefore, Donaldson's conviction was supported with sufficient evidence.

## CONCLUSION

Based on the foregoing, we conclude: (1) Donaldson waived his challenge to the constitutionality of the presumption in Indiana Code section 9–30–10–16, and, waiver notwithstanding, the presumption does not shift the burden of proof from the State; (2) the trial court did not abuse its discretion by admitting State's Exhibit 1; (3) Donaldson waived his claim that the trial court erred by adding an element to the charge of operating a motor vehicle while privileges are suspended; and (4) the State proved beyond a reasonable doubt that Donaldson knew his driving privileges were suspended.

Affirmed.

DARDEN, J., and VAIDIK, J., concur.