**Tabitha Lynn SLONE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 57A03–0904–CR–162.**

Court of Appeals of Indiana.

Sept. 9, 2009.

Kimberly A. Jackson, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant–Defendant, Tabitha Lynn Slone (Slone), appeals her conviction for purchasing drugs containing more than three grams of ephedrine, pseudoephedrine, or both within one week, a Class C misdemeanor, Ind.Code § 35–48–4–14.7(d), (i), and the finding that she violated her probation.

We reverse.

*ISSUES*

Slone raises three issues on appeal, which we restate as the following two:

(1) Whether Indiana Code section 35–48–4–14.7 is unconstitutional;

(2) Whether the State presented evidence sufficient to prove beyond a reasonable doubt that she knowingly or intentionally purchased more than three grams of ephedrine, pseudoephedrine, or both within one week.

*FACTS AND PROCEDURAL HISTORY*

In January 2008, Slone was convicted of operating a vehicle while intoxicated. Her sentence for that offense included one year of probation. On January 30, 2008, Slone purchased a 20–count package of cold medicine from a pharmacy in Fort Wayne, Indiana. Six days later, on February 4, 2008, Slone purchased another 20–count package of cold medicine from a pharmacy in Kendallville, Indiana. The combined amount of ephedrine or pseudoephedrine contained in the two boxes exceeded three grams.

On March 28, 2008, the State filed an Information charging Slone with knowingly or intentionally purchasing drugs containing more than three grams of ephedrine, pseudoephedrine, or both within one week, a Class C misdemeanor, I.C. § 35–48–4–14.7(d), (i). On April 1, 2008, the State filed a Probation Violation Report alleging that Slone had violated the terms of her probation by purchasing the drugs within one week. On January 29, 2009, the trial court conducted a bench trial and probation violation hearing simultaneously. Slone conceded that she had purchased drugs containing more than three grams of pseudoephedrine within one week, but contended that she did not know she was doing so at the time. Slone testified that she had asked the pharmacist at the second pharmacy something about the limit on purchases of pseudoephedrine, but the pharmacist explained that the computer at the pharmacy kept track and would not permit a sale in excess of the legal limit. At the close of evidence and arguments, the trial court found Slone guilty as charged and in violation of probation. The trial court then sentenced her to thirty days in the Noble County jail for her conviction, and thirty days in the Noble County jail for her probation violation, with those sentences to be served consecutively.

Slone now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. Constitutionality

■ Slone argues that Indiana Code section 35–48–4–14.7 which prohibits, among other things, the purchase of drugs containing more than three grams of ephedrine, pseudoephedrine, or both within one week is unconstitutionally vague. Additionally, Slone contends that the statute authorizes or encourages arbitrary or discriminatory enforcement. The State responds by contending that Slone waived this issue by failing to file a motion to dismiss advancing the contentions of unconstitutionality, or by failing to raise the issues at all before the trial court.

■ Addressing the State's contention of waiver we note that, generally the failure to file a proper motion to dismiss raising a constitutional challenge to a criminal statute waives the issue on appeal. *Donaldson v. State*, 904 N.E.2d 294, 298 (Ind.Ct.App.2009). Nevertheless, Indiana appellate courts have considered the constitutionality of statutes even where the defendant failed to file a motion to dismiss. *Baumgartner v. State*, 891 N.E.2d 1131, 1136 (Ind.Ct.App.2008). Indeed, our supreme court has even stated that "the constitutionality of a statute may be raised at any stage of the proceeding including raising the issue sua sponte by this Court." *Morse v. State*, 593 N.E.2d 194, 197 (Ind. 1992). Slone contends that we should consider her contention to promote judicial economy, noting that the issue would arise in post-conviction proceedings if not addressed now, and "is likely to arise in subsequent, unrelated appeals." (Appellant's Reply Br. p. 3).

■ However, Slone asks us to base our decision upon her qualified allegation that "[c]onfusion over compliance with I.C. 35–48–4–14.7(d) *appears particularly likely* because the record *suggests* the exact total amounts of ephedrine or pseudoephedrine *may* not be listed in grams on the box of cold medication." (Appellant's Br. p. 10) (emphasis added). Further, Slone states in another section of her brief that "the record in this case is silent as to the nature of the labels on those medications." (Appellant's Br. p. 15). So, short of violating our prohibition of considering items outside of the record, our decision would be based upon speculation as to what information is contained on packaging of drugs that contain ephedrine and pseudoephedrine. The waiver rule is founded on important policy considerations, including "the preservation of judicial resources, opportunity for full development of the record, utilization of trial court fact-finding expertise, and assurance of a claim being tested by the adversary process." *Hoose v. Doody*, 886 N.E.2d 83, 93 (Ind.Ct.App. 2008), *trans. denied.* Therefore, we conclude that Slone has waived her constitutional challenge, and we are unable to consider her challenge notwithstanding that waiver.

### II. Sufficiency of the Evidence

#### A. Standard of Review

Slone contends that the State failed to present sufficient evidence proving: (1) that the drugs she purchased within one week actually contained more than three grams of ephedrine, pseudoephedrine, or both; and (2) that she knowingly or intentionally purchased drugs containing more than three grams of ephedrine, pseudoephedrine, or both within one week.

Our standard of review with regard to sufficiency claims is well settled. In reviewing a sufficiency of the evidence claim, this court does not reweigh the

evidence or judge the credibility of the witnesses. We will consider only the evidence most favorable to the verdict and the reasonable inferences drawn therefrom and will affirm if the evidence and those inferences constitute substantial evidence of probative value to support the judgment. A conviction may be based upon circumstantial evidence alone. Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense.

*Perez v. State*, 872 N.E.2d 208, 212–13 (Ind.Ct.App.2007), *trans. denied* (citations omitted).

### B. *Amount*

■ Slone contends that the State failed to prove that the amount of ephedrine, pseudoephedrine, or both that was contained in the two packages of drugs which she purchased within one week was more than three grams. Slone argues that a stipulation which her counsel made did not include a stipulation to the fact that the drugs she purchased contained more than three grams of pseudoephedrine. The stipulation occurred during the following colloquy:

State: Okay [ ] with that stipulation your honor [ ] we will [ ] show in fact that [ ] the purchases were made[ ] and that [ ] exceeds the [ ] 3 gram per week limit. . . .

Trial Court: Is there a stipulation as to the amounts purchased or just they were purchased on those dates?

Slone's Attorney: There purchases and I[ ] *the amounts I don't see any reason why we can't stipulate to that as well.*

\* \* \*

Uh, just basically our argument goes to the fact that the statute says purchasing drugs containing more than 3 grams that it's done knowingly or intentionally and [ ] our position is that while she did purchase these amounts she did not knowingly or intentionally purchase over 3 grams. . . .

(Transcript pp. 7–8) (emphasis added). Slone contends that the stipulation was that "Slone purchased 20–count boxes of cold medication . . . on the alleged dates." (Appellant's Br. p. 19). However, we do not share this interpretation of the stipulation because of other representations made throughout the trial. First, Slone did not object when the State phrased a question as follows: "And by stipulation and [ ] your information [ ] found that she had made [ ] two purchases of [ ] medications containing [ ] Ephedrine or Pseudoephdrine [ ] that would have exceeded the 3 gram limit over a one week period?" (Tr. 11). Furthermore, during final arguments Slone's counsel explained, "as I indicated earlier it's not how much she purchased the question is whether or not she knew that she was purchasing over 3 grams." (Tr. p. 30).

Thus, we find it clear that Slone's counsel stipulated that she purchased drugs containing more than three grams of pseudoephedrine within one week, but reserved the opportunity to argue over her culpability when making those purchases. Because of this stipulation the State did not need to present any evidence to prove that Slone purchased drugs containing more than three grams of pseudoephedrine in one week. *See Collins v. State*, 835 N.E.2d 1010, 1016 (Ind.Ct.App.2005) (concluding that a stipulation to a fact which proved an element removed the burden to prove that element), *trans. denied.*

### C. *Culpability*

■ As we have stated above, Indiana Code section 35–48–4–14.7(d) prohibits persons, subject to certain exceptions, from purchasing drugs which contain more

than three grams of ephedrine, pseudoephedrine, or both within one week. Sub–Section (i) provides that "[a] person who knowingly or intentionally violates this section commits a Class C misdemeanor." The State conceded during final arguments that the evidence which it had presented was not sufficient to prove that Slone acted intentionally, but contended that the evidence proved Slone had knowingly violated Indiana Code section 35–48–4–14.7(d).

■ Our legislature has provided guidance for interpreting the culpability requirements of knowingly and intentionally: "(a) A person engages in conduct 'intentionally' if, when he engages in the conduct, it is his conscious objective to do so. (b) A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." I.C. § 35–41–2–2. Knowledge, like intent, is a mental state of the actor; therefore, the trier of fact must resort to reasonable inferences based on the examination of the surrounding circumstances to reasonably infer its existence. *Jernigan v. State,* 612 N.E.2d 609, 613 (Ind.Ct.App. 1993), *trans. denied.*

Slone acknowledged, somewhat reluctantly, that she had consumed the drugs containing pseudoephedrine faster than the recommended rate. When asked if she consumed the medicine as directed, she first testified that she was taking "one to two a day so about two a day." (Tr. p. 21). She later testified that she took about two at a time, twice a day. But when directly asked how many pills she took a day, she amended her testimony again to say "I kind of took a little extra when I went to work because I don't have time to blow my nose when I'm at work." (Tr. p. 21). On cross-examination, Slone admitted that she "double[d] up" on the dosage at times, but stated that she did not know

what the recommended dosage was. (Tr. p. 26). She also testified that she gave her mother a couple of pills to take.

Therefore, the State presented evidence that proved Slone was aware that she had purchased two packages of drugs containing pseudoephedrine within one week, and that she had taken those drugs at a rate more quickly than the recommended dosage for one person. However, the State has presented no evidence which would prove that Slone was aware of a high probability that two packages of drugs contained more than three grams of ephedrine, pseudoephedrine, or both. We might conclude that the purchase of several packages of drugs within one week may be sufficient evidence, standing alone, that someone is aware of a high probability that they have exceeded the limit of Indiana Code section 35–48–4–14.7(d). Or, evidence that the individual was personally involved in, or associated with a person involved in, the manufacture, distribution, or possession of methamphetamine would be strong circumstantial evidence that the individual was aware of a high probability that multiple packages of drugs containing ephedrine, pseudoephedrine, or both contained more than three grams of those substances. However, the State proved only that a person bought two twenty-count packages of pseudoephedrine within one week during cold season.

Furthermore, the State did not enter into evidence either of the packages of drugs which Slone purchased, so we cannot review what information regarding the contents those drugs was contained on the packaging or how such information was displayed on the packaging. The trial court took judicial notice of Food and Drug Administration regulations generally without citation to any specific regulation, but we have no indication in the record that those regulations were being followed.

Moreover, 21 Code of Federal Regulations § 201.66(c), which we believe the trial court may have been referring to, provides that active ingredients be listed "per dosage unit," giving examples in metric units. Thus, consumers may be required to use the metric system making unit conversions and multiply quantities in order to ascertain the total amounts of ephedrine, pseudoephedrine, or both that they have purchased, none of which has the State proved Slone capable of doing. For these reasons, we conclude that the State failed to prove beyond a reasonable doubt that Slone knew that the drugs she purchased contained more than three grams of ephedrine, pseudoephedrine, or both.

### CONCLUSION

Based on the foregoing, we conclude that Slone waived her opportunity to challenge the constitutionality of Indiana Code section 35–48–4–14.7(d), and we cannot review her claim notwithstanding that waiver because the record was not properly developed before the trial court. Further, we conclude that Slone stipulated to the fact that she had purchased drugs containing more than three grams of pseudoephedrine within one week. However, the State failed to present evidence sufficient to prove beyond a reasonable doubt that she knowingly violated Indiana Code section 35–48–4–14.7(d).

Reversed.

KIRSCH, J., and MATHIAS, J., concur.