**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JUSTIN R. WALL**
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT C. BROWN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 35A05-1211-CR-588 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HUNTINGTON SUPERIOR COURT
The Honorable Jeffrey R. Heffelfinger, Judge
Cause No. 35D01-1205-FC-106

**June 6, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Robert C. Brown appeals[1] his conviction of class C felony Operating a Motor Vehicle After a Lifetime Suspension of Driving Privileges.[2]  Brown presents two issues for our review, which we restate as follows:

1. Did Brown waive his right to appeal the trial court's ruling denying Brown's motion to suppress evidence?

2. Did the trial court abuse its discretion by admitting in evidence Brown's driving record and testimony about that record at Brown's bench trial?

We affirm.

On May 25, 2012, Captain Thomas McCutcheon, who was working for the City of Huntington Police Department, was assigned to Operation Pull Over.  The objective of Operation Pull Over was to look for drivers and passengers who were not wearing their seatbelts.  At approximately 1:15 p.m., while parked in an unmarked car, Captain McCutcheon observed that the driver of a black Ford pickup truck was not wearing his seatbelt.  Captain McCutcheon initiated a traffic stop, at which time he asked the driver of the truck for his driver's license and vehicle registration.  The driver of the vehicle provided the officer with his vehicle registration and a state-issued identification card, which is not a driver's license.  The identification card had a picture and the identifying information for Robert Brown, including his date of birth, height, weight, and hair color.  The information on the card matched the physical characteristics of the driver.

---

[1]  Brown was fined for the charge alleging the class D infraction, failure of front-seat occupant to use a seat belt.  Ind. Code Ann. § 9-19-10-8 (West, Westlaw current through P.L. 171 with effective dates through May 7, 2013).  Brown does not appeal the fine imposed for the infraction.
[2]  Ind. Code Ann. § 9-30-10-17 (West, Westlaw current through P.L. 171 with effective dates through May 7, 2013).

Captain McCutcheon returned to his car and called dispatch to run a Bureau of Motor Vehicles (BMV) check on Brown. After approximately two to four minutes, dispatch indicated that Brown was a habitual traffic violator (HTV) with a lifetime suspension of his driving privileges. Captain McCutcheon then called for backup, informed Brown that he was an HTV, and asked him to step out of his vehicle. Brown indicated that he was driving because his passenger had leg cramps. The officer responding to Captain McCutcheon's request for backup took Brown into custody, while Brown's passenger, who had a valid driver's license, drove Brown's truck away.

The State charged Brown with the felony offense and the infraction. Prior to his bench trial, Brown moved to suppress his driving record from evidence. The trial court denied Brown's motion at a suppression hearing and the matter proceeded to a bench trial, during which Brown's driving record was admitted in evidence over Brown's objections. The trial court found Brown guilty as charged. At Brown's sentencing hearing, the trial court imposed a sentence of four years executed in the Department of Correction, with 29 credit, assessed court costs of $166.00, and suspended Brown's driving privileges for life. Brown was assessed a $25.00 fine for the infraction. Brown now appeals from his conviction.

1.

Brown contends that the trial court abused its discretion by denying his motion to suppress his driving record from evidence. The State contends that Brown has waived this issue for appellate review by failing to appeal the trial court's ruling prior to trial. We agree with the State.

3

"Once a case proceeds to trial, the question of whether the trial court erred in denying a motion to suppress is no longer viable." *Cochran v. State*, 843 N.E.2d 980, 982 (Ind. Ct. App. 2006). The trial court's ruling on a motion to suppress is not intended to end the question of the admissibility of the challenged evidence, but rather serves as a preliminary ruling subject to modification at trial. *Kelley v. State*, 825 N.E.2d 420 (Ind. Ct. App. 2005). Thus, Brown's issue, couched in terms of the trial court's ruling on the motion to suppress, is waived.

2.

Brown claims that the trial court abused its discretion by admitting into evidence his driving records, obtained from and certified by the BMV. He also claims error in the trial court's admission of certified documents showing Brown's prior convictions for being a HTV and the lifetime suspension of his driving privileges. Brown also objected to the admission of any statements Brown made to Captain McCutcheon after his driving status was discovered.

Our standard of review with respect to the trial court's ruling on the admissibility of evidence at trial is well settled.

> We review a trial court's decision to admit or exclude evidence for an abuse of discretion. An abuse of discretion occurs if a trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. However, if a trial court abused its discretion by admitting the challenged evidence, we will only reverse for that error if the error is inconsistent with substantial justice or if a substantial right of the party is affected.

*Donaldson v. State*, 904 N.E.2d 294, 300 (Ind. Ct. App. 2009) (internal citations omitted).

4

Brown contends that the trial court abused its discretion by admitting the evidence because it was obtained in violation of Brown's Fourth Amendment rights.[3] He argues that after obtaining the vehicle registration and identification card from Brown, Captain McCutcheon conducted an unconstitutional expanded search by obtaining Brown's driving status through dispatch. We disagree.

In *Alexander v. State*, 947 N.E.2d 966 (Ind. Ct. App. 2011), a panel of this court considered whether Fourth Amendment rights were implicated when police officers obtained a driving record and picture from the BMV, and whether that information can be obtained in the absence of probable cause. We concluded that there is no reasonable expectation of privacy in BMV records, citing prior cases analyzing situations involving queries based on license plate numbers. Indeed, Ind. Code Ann. § 9-14-3.5-10 (West, Westlaw current through P.L. 171 with effective dates through May 7, 2013), permits the BMV to disclose certain personal information to a person providing proof of identity and who represents that the use of the personal information will be limited to, in pertinent part, use by a government agency, including a law enforcement agency in carrying out its functions.

In *State v. Morris*, 732 N.E.2d 224 (Ind. Ct. App. 2000), we held that a traffic stop to corroborate an officer's reasonable suspicion that the driver was not wearing his seat belt while driving is reasonable and valid under the Seatbelt Enforcement Act.[4] Furthermore, we

---

[3] Brown does not present a separate argument and analysis under the Indiana Constitution. As such, we do not address it because the argument is waived. *See Polk v. State*, 822 N.E.2d 239 (Ind. Ct. App. 2005) (failure to make cogent argument under article 1, section 11 of Indiana Constitution constitutes waiver of the issue on appeal).

[4] I. C. § 9-19-10-3.1 (West, Westlaw current through P.L. 171 with effective dates through May 7, 2013).

held that the officer's request for the driver's license was justified as it was reasonably necessary to issue a warning or citation for failure to wear a seatbelt. When the driver failed to produce a driver's license because he claimed he did not have it with him, but provided the officer with his name and vehicle registration, the officer ran a check through dispatch to determine the driver's driving status. We held that the officer was justified in this action because he had a reasonable suspicion that the driver did not have a valid driver's license. We found that the failure to produce the license was a circumstance independent of the initial seatbelt violation and the officer's actions did not amount to an illegal search.

Here, Captain McCutcheon observed Brown driving a vehicle without wearing a seat belt and conducted a traffic stop for that infraction. When asked for his driver's license and vehicle registration, Brown produced a state-issued identification card and the vehicle registration. Production of the identification card provided the officer with reasonable suspicion that Brown lacked a valid driver's license. Additionally, Captain McCutcheon was justified in obtaining Brown's driving records for purposes of issuing a warning or citation for the seat belt infraction.

Captain McCutcheon had a reasonable suspicion that Brown did not possess a valid driver's license. His inquiry into Brown's driving status, was justified by that reasonable suspicion, and the records check would have been proper in any event to gather the necessary information to issue a warning or citation for the seat belt infraction. The trial court properly admitted the challenged testimonial and documentary evidence at Brown's bench trial.

Judgment affirmed.

6

ROBB, C.J., and CRONE, J., concur.