## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 15 2017, 9:46 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Darren Bedwell
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Howard,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 15, 2017

Court of Appeals Case No.
49A02-1704-CR-752

Appeal from the Marion County
Superior Court.

The Honorable Alicia A. Gooden,
Judge.
The Honorable Richard C.
Hagenmaier, Commissioner.

Trial Court Cause No. 49G21-1402-
FB-10305

**Darden, Senior Judge**

# Statement of the Case

David Howard appeals his conviction of unlawful possession of a firearm by a serious violent felon, a Class B felony.[1]  He also appeals the trial court's determination that he is a habitual offender.  We affirm in part, reverse in part, and remand with instructions.

# Issues

Howard raises two issues, which we restate as:

    I.      Whether Howard was denied the right to a fair trial by jury in phase one of the trial proceedings.

    II.    Whether Howard waived his right to a jury trial in phase two of the trial on the habitual offender sentencing enhancement.

# Facts and Procedural History

On February 26, 2014, Officer Gabriel Slaybaugh of the Lawrence Police Department was dispatched to an apartment in Marion County to investigate a reported shooting.  Upon arriving, he was directed to a back bedroom, where he found Howard sitting in a chair, bleeding from his mouth.  Howard had a gunshot wound underneath his chin.  He did not have any other injuries, and the room did not show signs of a struggle.  Based upon Slaybaugh's experience

---

[1] Ind. Code § 35-47-4-5 (2012).

with firearms and combat training, it appeared to him that Howard's wound was self-inflicted.

[4] Slaybaugh was aware paramedics would not enter the apartment until all guns were secure. He asked Howard asked where the gun was. Howard did not answer. Instead, he repeatedly asked for an ambulance. After talking with a woman who also lived in the apartment, Slaybaugh found a handgun hidden in a shoe in the room where Howard was sitting and secured it. Paramedics entered the apartment and took Howard to the hospital for treatment.

[5] Next, a detective arrived at the apartment. He searched the bedroom and determined that there had not been a fight in that room because the blood was "localized" in the center of the room, where Howard had been sitting, rather than spattered on the walls and other surfaces. Tr. Vol. II, p. 82.

[6] The State arrested Howard after he received medical treatment. While he was incarcerated, he made several phone calls which were recorded by jail personnel. During one call, Howard admitted to accidentally shooting himself.

[7] The State charged Howard with unlawful possession of a firearm by a serious violent felon, claiming he had a prior conviction for battery, a Class C felony. The State later added a claim that Howard was an habitual offender.

[8] Howard filed a motion to bifurcate the trial of the possession charge, arguing that, before trial, the use of language in the charging information that by law Howard was already adjudicated to be a "serious violent felon" is extremely

prejudicial and would deprive of him of a fair trial. Appellant's App. Vol. II, p. 69. He further argued that he "would be forced to choose between stipulating to an essential element of the crime and having a fair trial." *Id.*

On September 1, 2016, the trial court held a hearing before jury selection was to begin and heard arguments on the motion to bifurcate. Howard suggested that the jury should first be required to determine whether he possessed a firearm in phase one of the trial proceedings, and then later decide in phase two of the trial proceedings whether it was lawful for him to possess it. The trial court rejected Howard's suggestion, stating that such a procedure would confuse the jury because the officer encountered Howard in his own home, where he would have otherwise had the right to possess a firearm even without a license. The trial court then suggested that a joint stipulation by the parties could resolve the issue.

Subsequently, Howard proposed a stipulation to the trial court, suggesting "If we stipulate the language might be that the possession was unlawful, and just leave it at that." Tr. Vol. II., p. 11. Howard stated he would "stipulate . . . to the, uh, battery as a C felony conviction." *Id.* at 12. The State agreed to Howard's proposal. The trial court explained that the stipulation would affect the preliminary and final instructions and reviewed its revised preliminary instruction on the elements of the offense with the parties. Howard agreed the preliminary instruction was "fine." *Id.* at 13. He further added, "from [a] defense point, it doesn't fix the problem, but it was our choice." *Id.* The court

ended the discussion by formally granting Howard's motion to bifurcate the trial proceedings.

[11]     The jury trial was continued until February 2, 2017 due to matters not relevant to this appeal. After the jury was selected, the trial court read the preliminary instructions to the jury panel, including the stipulated, previously-approved Preliminary Instruction Number Four on the elements of the offense. That instruction provided in relevant part, the following;

> In this case, the State of Indiana has charged [Howard] with Count I: Unlawful Possession of a Firearm. The charge reads as follows:
>
> Count I
>
> David Howard, a person prohibited by Indiana law from possession [of] a firearm, did on or about February 26, 2014, knowingly or intentionally possess a firearm, that is: a handgun.
>
> [Howard] has entered a plea of not guilty.

Appellant's App. Vol. II, p. 87.

[12]     During the State's case-in-chief in phase one of the trial proceedings, the State presented evidence in support of its claim that Howard had possessed the handgun and accidentally shot himself. The prosecutor informed the jury, without objection from Howard, that the parties had stipulated to the following: "The parties agree one [sic], that David Howard is a person who is not allowed to possess a firearm, and that any possession of a firearm by David Howard is therefore unlawful." Tr. Vol. II, p. 96.

[13] During Howard's defense, he presented testimony from a witness who testified that Howard got into a fight with a person named TJ, who pulled out a handgun and shot Howard before fleeing from the apartment.

[14] After the parties ended their presentations of evidence, the trial court and the parties had a discussion outside the presence of the jury. The trial court, the State, and Howard's counsel discussed the following:

> [Court]: Um, I'm assuming we don't need identification? Anybody from IDET?
>
> [Counsel]: Um, yes. I spoke to Mr. Howard, um, on lunch break, and if there is a bad outcome today, I told him that three options were had the jury decided the prior, um, court trial sudden prior [sic] to just stipulate them, and use that as a mitigatory [sic], and Mr. Howard is okay with us stipulating to the priors.
>
> [Court]: Okay.
>
> [Counsel]: And then we'll use that as a mitigatory.
>
> [Court]: Okay.
>
> * * * *
>
> [Court]: Oh, okay. But you – you have agreed to stipulate?
>
> [Counsel]: Yeah, yeah.
>
> [Howard]: No problem, right Judge?
>
> [Counsel]: Yeah, it's the right decision.

Tr. Vol. II, pp. 118-19.

[15] During the same hearing outside the presence of the jury, the State moved to enter into evidence State's Exhibit 9, which was a copy of the judgment of conviction for the crime of battery as a Class C felony which was the predicate

felony for the charge of possession of a firearm by a serious violent felon. Howard had no objection to the exhibit so long as it was not published to the jury. The trial court and State agreed with Howard.

[16] After closing arguments, the trial court read the final instructions to the jury. The instructions included Final Instruction Number Three, which provided in relevant part:

> The crime of Unlawful Possession of a Firearm is defined by statute as follows:
>
> A person who knowingly or intentionally possesses a firearm and said possession was unlawful.
>
> To convict [Howard] of Count I, the State must have proved each of the following beyond a reasonable doubt:
>
> 1. [Howard]
> 2. Knowingly or Intentionally
> 3. Possessed
> 4. A firearm
> 5. And said possession was unlawful [sic]
>
> The Parties have stipulated that [Howard] is a person prohibited by Indiana Law from possessing a firearm.

Appellant's App. Vol. II, p. 99. The trial court further instructed the jury, "When the parties stipulate to the existence of a fact, they agree that such fact is indisputably proven. Once such a stipulation is made, you must assume that fact is true." *Id.* at 105.

[17] The jury found Howard guilty of unlawful possession of a firearm in phase one. The trial court discharged the jury and asked Howard if he stipulated to the

predicate felony for the offense of possessing a handgun while being a serious violent felon and to the prior convictions underlying the habitual offender enhancement. Howard responded, "Yes." Tr. Vol. II, p. 138. The trial court entered a judgment of conviction for the offense of unlawful possession of a firearm by a serious violent felon and adjudicated Howard to be an habitual offender. The trial court then proceeded to impose a sentence, and this appeal followed.

## Discussion and Decision

### I. Jury Trial on All Elements of the Offense of Unlawful Possession of a Firearm by a Serious Violent Felon

[18] Howard argues the trial court deprived him of his right to a jury trial under the federal and state constitutions in phase one of the proceedings by failing to hold a separate jury trial to determine whether he had committed a predicate felony as an element of the offense of unlawful possession of a handgun by a serious violent felon. In response, the State argues that there is sufficient evidence to sustain the conviction and, if there is any error, that Howard had invited the error.

[19] We first note that the doctrine of invited error is grounded in estoppel. *Wright v. State*, 828 N.E.2d 904, 907 (Ind. 2005). A party may not take advantage of an error that he commits, invites, or which is the natural consequence of his own neglect or misconduct. *Id.* Invited error precludes relief from counsel's strategic decisions gone awry. *Hill v. State*, 51 N.E.3d 446, 451 (Ind. Ct. App.

2016). Even constitutional errors may be invited. *Brewington v. State*, 7 N.E.3d 946, 977 (Ind. 2014).

[20] In this case, after the trial court had initially denied Howard's request to bifurcate his trial to avoid undue prejudice so that the jury would first decide whether he possessed a firearm, and then decide whether he possessed the firearm unlawfully, Howard proposed a stipulation. Specifically, he requested that the first phase of the trial proceeding be limited to whether he possessed a firearm unlawfully. Howard further stated he would "stipulate . . . to the, uh, battery as a C felony conviction." Tr. Vol. II, p. 12. The State and the trial court accepted Howard's stipulation. Howard's counsel stated the process "was our choice." *Id.* at 13.

[21] At trial, Howard and the State agreed to a stipulation, which was read to the jury, which merely explained that he was not legally allowed to possess a firearm, without informing the members of the jury of Howard being alleged to be a serious violent felon. After the conclusion of evidence, Howard informed the trial court if the jury found against him, he would stipulate that he had prior convictions. Further, he did not object to the admission into evidence of State's Exhibit 9, which indicated that he had been convicted of felony battery in 1993, if the exhibit was not presented to the jury.

[22] A stipulation to a fact that proves an element of an offense removes the burden to prove that element. *See Slone v. State*, 912 N.E.2d 875, 879 (Ind. Ct. App. 2009) (State no longer needed to prove amount of drugs defendant purchased

because she stipulated to the amount), *trans. denied*. Subsequently, after the jury returned a guilty verdict, Howard did not object to the dismissal of the jury and instead told the court he stipulated to the underlying felony conviction for the offense of possession of a firearm by a serious violent felon.

[23] Howard did not object to the admission of evidence that tended to prove he had committed a predicate felony, and he stipulated to the trial court as to the validity of the predicate felony when the guilty verdict was returned. In short, it appears that Howard may have given the trial court every reason to believe that if the jury found him guilty of unlawful possession of a firearm, there would be no need for a second phase of the trial proceedings for the State to prove the existence of a predicate felony. The trial court reasonably could have concluded during phase one that Howard waived any right to further trial proceedings through the stipulation on the claim that he was a serious violent felon. On the other hand, to the extent that the trial court may have erred in not holding a second phase of the proceedings on the existence of a predicate felony, Howard may have also invited error therein. The record is unclear. However, Howard has not demonstrated grounds for reversal on phase one of the trial proceedings, and we affirm his conviction for unlawful possession of a firearm by a serious violent felon. We will address in the second part of our opinion the issue raised regarding phase two of the trial proceedings.

## II. Waiver of Right to Jury Trial on Habitual Offender Enhancement

[24] Howard argues that the trial court erred by convicting him of the habitual offender enhancement without first determining that he had waived his right to a jury trial on that issue. The State concedes, "this matter should be remanded to the trial court where an appropriate waiver of the right to trial by jury can be secured or the evidence supporting the habitual offender can be submitted to a jury, assuming Howard elects not to plead guilty on the habitual offender count." Appellee's Br., p. 13.

[25] To constitute a valid waiver of the right to a trial by jury, the defendant's waiver must be voluntary, knowing, and intelligent. *O'Connor v. State*, 796 N.E.2d 1230, 1233 (Ind. Ct. App. 2003). The defendant's voluntary, knowing and intelligent waiver must be apparent from the court's record, whether in the form of a written waiver or a colloquy in open court. *Id.* at 1234.

[26] Considering the parties' agreement that the record fails to demonstrate that Howard voluntarily waived his right to be tried by a jury as to the habitual offender enhancement, we must reverse that portion of the judgment of conviction pertaining to the enhancement. Further, we remand to the trial court with instructions to determine whether Howard waives his right to a jury trial on the habitual offender enhancement or to grant Howard a jury trial on the habitual offender enhancement and to proceed accordingly.

# Conclusion

For the reasons stated above, we affirm Howard's conviction for possession of a firearm by a serious violent felon in phase one of the trial proceedings. We reverse the trial court's determination that Howard is a habitual offender and remand for further proceedings not inconsistent with this decision.

Affirmed in part, reversed in part, and remanded with instructions.

Crone, J., and Altice, J., concur.