

**FILED**

Dec 04 2015, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Jerry T. Drook
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dannie Carl Pattison, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 4, 2015 <br><br> Court of Appeals Case No. <br> 27A05-1411-CR-517 <br><br> Appeal from the Grant Superior Court <br><br> The Honorable Warren Haas, Judge <br><br> Trial Court Cause No. <br> 27D03-1303-FD-110 |

**May, Judge.**

[1] Dannie Carl Pattison appeals his conviction of Class D felony operating a vehicle with an alcohol concentration equivalent (ACE) of .08% or more with a prior conviction within the last five years.[1] Pattison asserts a jury instruction included a constitutionally impermissible evidentiary presumption that shifted the burden of proof to him on an element of the offense.

[2] We reverse.

## Facts and Procedural History

[3] On March 3, 2013, around 1:30 a.m., Jonesboro Police Officer Justin Chambers stopped Pattison's car because the taillights were not working. Officer Chambers activated his lights in order to pull Pattison over. Pattison did not stop until he pulled into his own driveway, approximately five hundred feet later. Officer Chambers pulled into the driveway behind Pattison.

[4] Pattison pulled himself out of the car as Officer Chambers approached. Pattison did not provide his driver's license when requested. Officer Chambers noticed Pattison had "watery eyes and slurred speech and . . . a strong odor of . . . an alcoholic beverage." (Tr. at 11.) Pattison "stated that he had had a couple of beers earlier that night." *(Id.* at 12.) Officer Chambers decided to conduct field sobriety tests.

---

[1] Ind. Code § 9-30-5-1(a) (2001) & Ind. Code § 9-30-5-3(a)(1) (2008).

[5] Pattison claimed that, due to prior injuries, he could perform only the horizontal gaze nystagmus ("HGN") test. Pattison failed that test and a portable breathalyzer test. After being advised of Indiana's implied consent law, Pattison agreed to a certified chemical test. That test indicated his alcohol concentration equivalent ("ACE") was .10%. Pattison was arrested and charged with operating a vehicle with an ACE of .08% or more.

[6] The jury first found Pattison guilty of Class C misdemeanor operating a vehicle with an ACE of .08% or more. Then the State presented evidence of Pattison's prior convictions, which Pattison did not contest. The jury found Pattison guilty of Class D felony operating a vehicle with an ACE of 0.08% or more, with a prior conviction within five (5) years. The trial court pronounced a three-year sentence.

## Discussion and Decision

[7] Pattison challenges a jury instruction. "The manner of instructing a jury is left to the sound discretion of the trial court." *Albores v. State,* 987 N.E.2d 98, 99 (Ind. Ct. App. 2013), *trans. denied.* We reverse only if the instructions are an abuse of discretion, *Munford v. State*, 923 N.E.2d 11, 14 (Ind. Ct. App. 2010), which occurs when an instruction is erroneous and the instructions, taken as a whole, misstate the law or mislead the jury. *Id.*

[8] Pattison did not object at trial to the jury instruction now challenged. An issue is waived for appellate review unless a party objected to the alleged error at trial. *Lewis v. State*, 34 N.E.3d 240, 246 (Ind. 2015). Despite waiver, relief remains available under a narrow exception for fundamental error. *Id*. A fundamental

error is one that "constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Id*. (quoting *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006)).

[9] Pattison asserts the challenged instruction resulted in fundamental error because it contained a constitutionally impermissible evidentiary presumption. An evidentiary presumption is an "assumption that a fact exists because of the known or proven existence of some other fact or group of facts." Black's Law Dictionary 1376 (10th ed. 2014). When the law *requires* one fact to be assumed based on another fact or other facts, the presumption created is mandatory.[2] *Sturgeon v. State*, 575 N.E.2d 679, 680 n.4 (Ind. Ct. App. 1991). Mandatory presumptions can be conclusive or rebuttable. *Id.* "A conclusive presumption removes the presumed element from the case once the State has proved the predicate facts." *Id.* A rebuttable presumption "does not remove the presumed element from the case" but requires the jury to presume it to be true unless the defendant persuades them otherwise. *Id.*

[10] As Black's further explains:

> Most presumptions are rules of evidence calling for a certain result in a given case unless the adversely affected party overcomes it with other evidence. A presumption shifts the burden of production or

---

[2] When the law permits, but does not require, a factual conclusion to be drawn based on other facts known or proven, a permissive inference has been created. *Sturgeon v. State*, 575 N.E.2d 679, 680 n.4 (Ind. Ct. App. 1991).

persuasion to the opposing party, who can then attempt to overcome the presumption.

[11] Black's Law Dictionary 1376. Both conclusive and rebuttable mandatory presumptions "violate the Due Process Clause if they relieve the State of the burden of persuasion on an element of a criminal offense." *Sturgeon*, 575 N.E.2d at 680. *See also Collins v. State*, 567 N.E.2d 798, 801 (Ind. 1991) (Regarding instruction that informed jury evidence of letter being mailed was *prima facie* proof that it was received, the court held: "Even though the instruction made the presumption rebuttable, a mandatory rebuttable presumption is no less unconstitutional.").

[12] With this background in mind, we turn to the instruction Pattison challenges. To prove Pattison guilty as charged, the State had to present evidence he "operate[d] a vehicle with an alcohol concentration equivalent [ACE] to at least eight-hundredths (0.08) gram of alcohol . . . per . . . two hundred ten (210) liters of the person's breath." Ind. Code § 9-30-5-1. At a trial for such charge, evidence of the driver's ACE at the time of driving or within three hours thereof is admissible. Ind. Code § 9-30-6-15(a) (certain ACE evidence is admissible) & Ind. Code § 9-30-6-2 (if tested within three hours).

[13] Furthermore, our legislature has provided:

> If, in a prosecution for an offense under IC 9-30-5, evidence establishes that:
>
> (1) a chemical test was performed on a test sample taken from the person charged with the offense within the period of time allowed for testing under section 2 of this chapter; and

(2) the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per:

> (A) one hundred (100) milliliters of the person's blood at the time the test sample was taken; or

> (B) two hundred ten (210) liters of the person's breath;

the trier of fact shall presume that the person charged with the offense had an alcohol concentration equivalent [ACE] to at least eight-hundredths (0.08) gram of alcohol per one hundred (100) milliliters of the person's blood or per two hundred ten (210) liters of the person's breath at the time the person operated the vehicle. However, this presumption is rebuttable.

Ind. Code § 9-30-6-15(b).[3]

[14] Because Pattison's test was administered within the permissible time frame and his BAC was .10%, the trial court gave the following jury instruction:

Rebuttable Presumption

If in a prosecution for operating a vehicle with at least eight-hundredths (0.08) gram of alcohol in 210 liters of the breath, if evidence establishes that:

- a chemical test was performed within three (3) hours after the law enforcement officer had probable cause to believe the person committed the crime; and

- the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per two hundred ten (210) liters of the person's breath;

---

[3] Our Legislature enacted the first version of this statute shortly after our court held ACE results from a test taken after an arrest were sufficiently relevant to be admissible as to the question of ACE at the time of driving, but that such results could not prove ACE at the time of driving. *See Hall v. State*, 560 N.E.2d 561, 563 (Ind. Ct. App. 1990) ("Shortly after the *Smith* [*v. State*, 502 N.E.2d 122, 123 (Ind. Ct. App. 1986), *trans. denied*, *superseded by statute*] case, the legislature added" the subsection.).

the jury shall presume that the person charged with the offense had an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol per two hundred ten (210) liters of the person's breath at the time the person operated the vehicle. However, the presumption is rebuttable.

(App. at 33.) Pattison argues the presumption created in that instruction unconstitutionally shifted the burden of proof to him.

In 1989, we first addressed the constitutionality of the statutory presumption that underlies the instruction given to Pattison's jury. *Chilcutt v. State*, 544 N.E.2d 856, 857-58 (Ind. Ct. App. 1989), *trans. denied*. Chilcutt argued the statute "unconstitutionally shifted the burden of proof away from the State, effectively requiring him to prove his innocence." *Id*. at 857. We held

> the State did prove each element of the offense beyond a reasonable doubt. The defendant admitted operating the vehicle and the State proved that a proper and reliable blood alcohol test was given to him. The test results, showing that defendant had a .17% blood alcohol content, were entered into evidence. In addition, the State also had the following testimony of Officer Jolley: "[Chilcutt] stated that he had not had anything to drink since the accident."
>
> In 22A C.J.S. Criminal Law § 579, pp. 331-332, it is stated:
>
>> "The legislature may enact laws declaring that, on proof of one fact, another fact may be inferred or presumed, and such enactments are constitutional, provided no constitutional right of accused is destroyed thereby, the presumption is subject to rebuttal, and there is some rational connection between the fact proved and the ultimate fact presumed."
>
> 22A C.J.S. Criminal Law § 579.
>
> There is a rational connection in IND.CODE § 9-11-4-15 [now codified at Ind. Code § 9-30-6-15] between the fact proved and the ultimate fact presumed. The fact proved is the person had a blood alcohol content of at least .10% at the time the test sample was taken, which was within the specified period of time. This leads to the

ultimate fact presumed that within this time period when the defendant had been operating his vehicle he had at least a blood alcohol content of .10%.

Presumptions in criminal statutes are not considered conclusive and do not affect the burden of proof, but shift the burden of going forward with evidence to the defendant. 22A C.J.S. Criminal Law § 579 (1988 Supp.). The State remains responsible for proving the necessary elements of the offense beyond a reasonable doubt. The defendant's constitutional rights have not been destroyed. The presumption is rebuttable and the defendant may produce evidence to overcome the presumption.

[Chilcutt] argues that he is having to prove his innocence by producing evidence of post-accident consumption of alcohol. While the State must establish all the elements of the crime, it does not have the burden of negating all affirmative defenses which excuse or exempt the defendant. . . . .

Post-accident consumption of alcohol is regarded as an affirmative defense. . . . Thus, defendant had the burden of establishing this defense and none of his constitutional rights were destroyed thereby.

*Chilcutt*, 544 N.E.2d at 858.

[17] Then, a year later, in *Hall*, we held that, although *Chilcutt* properly determined the statute creating the presumption was constitutional, a jury instruction that tracked the language of the statute was erroneous because it ran the risk of misleading a jury into thinking the presumption was mandatory, rather than permissive:

We agree with our Third District that the language contained in the instruction does not create a conclusive presumption nor shift the burden of proof to defendant.

This is not to say, however, that the mandatory language of the statute and instruction compels the trier of fact to accept the presumption when the defendant falls somewhat short of rebutting it. The statute and instruction do not create and implement a conclusive presumption. They do however appear to contemplate a mandatory presumption.

The instruction does not advise that the presumption is permissive in the sense that the jury may accept or reject it and is not compelled to find the presumed fact even if the defendant does not come forward with evidence to rebut the presumption. To the contrary, the instruction tracks the statute. The statute appears to create a mandatory presumption and states that the jury "shall presume" unless the presumption has been rebutted.

*Chilcutt v. State* held that the statute does not excuse the State from proving each and every element of the offense beyond a reasonable doubt and that it does not shift the burden of proof as to any such element to the defendant. In light of this holding we are constrained to state that notwithstanding the phrase "shall presume," the statute does not create a mandatory presumption. We hold therefore that even in a case in which the defendant does not rebut or attempt to rebut the presumption, the trier of fact is not compelled to find the presumed fact of blood alcohol content at the time of vehicle operation from the proved fact of blood alcohol content at the time of later testing. The jury is free to accept the presumption or not, just as it is free to do with other evidence.

Accordingly, the instruction although faithfully tracking the language of the statute, was subject to a mandatory interpretation which could have misled the jury with regard to its duty and prerogatives.

In its brief the State acknowledges that the Unites States Supreme Court has repudiated mandatory presumptions and mandatory rebuttable presumptions. It also recognizes that the words "shall be presumed" have been held in other jurisdictions to create only a permissive presumption.

We now hold likewise. Furthermore, we hold that an instruction which embraces the statute must clearly advise the jury that the presumption is only permissive. The instruction given in this case did not do so.

Accordingly, we reverse the judgment and remand for a new trial.

*Hall*, 560 N.E.2d at 563-64 (internal citations omitted).

[18] We have reaffirmed the reasoning of *Chilcutt* and *Hall* on a number of occasions.

*See Disbro v. State*, 791 N.E.2d 774, 778 (Ind. Ct. App. 2003) (finding no error in

jury instruction that included statutory language but also informed jury the presumption could be rejected even if not rebutted by other evidence), *trans. denied; Finney v. State*, 686 N.E.2d 133, 135 (Ind. Ct. App. 1997) (statute creating presumption, Ind. Code § 9-30-6-15, is constitutional); *Thompson v. State*, 646 N.E.2d 687, *passim* (Ind. Ct. App. 1995) (no error when jury instructed the presumption created by Ind. Code § 9-30-6-15 was both rebuttable and permissive, such that jury could reject the presumption), *trans. denied*; *Regan v. State*, 950 N.E.2d 640, 645 (Ind. Ct. App. 1992) (Ind. Code § 9-11-4-15 is constitutional, and jury instructions as a whole created no error when language of Ind. Code § 9-11-4-15 supplemented with language informing jury that BAC alone was insufficient to prove the element of 'intoxication' and that defendant had no burden to present evidence to rebut the BAC evidence); *Sturgeon*, 575 N.E.2d at 681 (jury instruction that tracked language of Ind. Code § 9-11-4-15 was constitutional error).

[19] As the instruction given to Pattison's jury is essentially the same instruction given in *Hall*, that instruction was erroneous.[4] *See Sturgeon*, 575 N.E.2d at 681 (instruction tracking statutory language created constitutional error); *Hall*, 560

---

[4] The trial court indicated "we have, in the pattern instructions, things that are helpful, but I don't think that they're really, um, simple to follow." (Tr. at 80.) Unlike the constitutionally infirm instruction that was given to the jury, the pattern jury instruction on this point of law at the time of Pattison's trial explained: "It creates an inference that the Defendant was sufficiently under the influence of alcohol to lessen Defendant's driving ability so as to be intoxicated within the meaning of the law. This inference is not conclusive. You may accept it or reject it." Ind. Pattern Jury Instr. – Crim No. 7.117. In 2014, the instruction was updated to read: "[Y]ou may infer that the Defendant was sufficiently under the influence of alcohol to lessen Defendant's driving ability so as to be intoxicated within the meaning of the law. You are not required to make this inference. You may accept it or reject it." Ind. Pattern Jury Instr. – Crim No. 7.4240. As such, the Pattern Jury Instruction was, and is, a more constitutionally appropriate statement of the inference allowed.

N.E.2d at 564 ("instruction which embraces the statute must clearly advise the jury that the presumption is only permissive").

[20] A single erroneous instruction, however, need not render the trial court's entire charge to the jury an abuse of discretion if other instructions correct the error created by the erroneous instruction. *See*, *e.g.*, *Regan*, 950 N.E.2d at 645 (no error when statutory language supplemented with other language). The State points out that the jury received a "Presumption of Innocence" instruction that explained the State was responsible to prove "each element of the crime charged . . . [and] Mr. Pattison was not required to present any evidence to prove his innocence or to prove or explain anything." (Appellee's Br. at 11.) However, that instruction about the presumption of innocence does not correct the improper presumption created by the statute-based instruction at issue. *See Sturgeon*, 575 N.E.2d 682 ("General instructions on the State's burden of persuasion and the defendant's presumption of innocence are not inconsistent with the burden-shifting presumption and therefore do nothing to lessen the harm."). Accordingly the challenged instruction created constitutional error. *See id*. (holding instruction created error).

[21] Nevertheless, as the State contends, an instruction that impermissibly shifts the burden of proof "does not . . . automatically require the reversal of an otherwise valid conviction" because even instructions that improperly shift the burden of proof can be harmless. *Id*. Instructional error does "not require reversal of a conviction where, after review of the entire record, the reviewing court concludes the error was harmless beyond a reasonable doubt." *Collins*, 567 N.E.2d at 801.

[22] Unlike *Regan*, 950 N.E.2d 640, in which the defendant was charged with a version of driving while intoxicated that permitted the jury to find the defendant guilty based on his physical characteristics and behavior, Pattison was charged only with driving while intoxicated with an ACE over .08%. As Pattison did not challenge that he was driving, the presumption created by the erroneous instruction shifted the burden of proof to Pattison on the only contested element in the case. In this situation, we cannot say the instructional error was harmless. *See*, *e.g.*, *Sturgeon*, 575 N.E.2d at 683 (unable to hold error harmless where evidence of Sturgeon's "appearance of intoxication" was inconclusive and conflicting). Accordingly, we must reverse.

## Conclusion

[23] Because the error caused by the court's constitutionally infirm jury instruction was neither corrected by the court's other instructions nor harmless based on the other evidence presented, we must reverse Pattison's conviction.

[24] Reversed.

Robb, J., and Mathias, J., concur.